**UNITED STATES, Appellee,**

v.

**Specialist Four James J. POOLER, SSN 389–80–7200, United States Army, Appellant.**

**CM 444766.**

U.S. Army Court of Military Review.

7 Sept. 1984.

Colonel R. Rex Brookshire II, JAGC, Captain Michael T. Kelly, JAGC, and First Lieutenant David W. Sorensen, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Samuel J. Rob, JAGC, were on the pleadings for appellee.

---

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Consistent with his pleas, appellant was convicted by a military judge sitting as a general court-martial of wrongful possession and distribution of marijuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). The convening authority approved appellant's sentence to a bad-conduct discharge, confinement at hard labor for nine months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Appellant contends that the military judge erred by admitting, over defense objection, testimony in aggravation that the appellant was willing to engage in a drug transaction in the future, arguing that this testimony was unrelated to the charged offense.

Appellant acknowledges the holding of the Court of Military Appeals in *United States v. Vickers*, 13 M.J. 403, 406 (C.M.A. 1982), that, "regardless of the plea, the prosecution after findings of guilty may present [in aggravation] evidence which is directly related to the offense for which an accused is to be sentenced so that the circumstances surrounding that offense or its repercussions may be understood by the sentencing authority." However, citing *United States v. Schreck*, 10 M.J. 563 (A.F. C.M.R.1980), *pet. denied*, 10 M.J. 327 (C.M.A.1981), appellant asserts that the contested evidence was inadmissible because it did not go to the particular offense for which the accused has been convicted, but rather went to a general denigration of the accused or to unrelated incidents.

■ We conclude that evidence of willingness to engage in a drug transaction at some unspecified time in the future, contemporaneous with a similar drug transaction such as wrongful distribution of marijuana, is admissible as an aggravating circumstance relating to the offense for which an accused has been found guilty. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), Change 5, para. 75*b* (4) (1981).

■ A criminal state of mind is a fundamental component of our society's definition of crime, fully as important as the act involved. It follows that a person's attitude toward the crime of which he has been convicted is directly related to that offense. Evidence of the offender's attitude toward similar offenses, past or future, is reliable circumstantial evidence, and often the only available evidence, on this issue.

The relevance to the sentencing process of an offender's attitude toward his offenses can hardly be exaggerated. For example, the law recognizes several permissible objectives of the sentencing process, commonly including rehabilitation of the offender, protection of society from the offender, and deterrence of the offender. *See, e.g.*, Dept. of Army Pam 27–9, *Military Judges' Benchbook*, para. 2–54 (1982). The sentencing authority is called on to determine in each case whether there is a need to pursue any or all of these objectives and, if so, what particular sentence will best accomplish the selected objectives. Each of these decisions necessarily begins with an analysis of the attitude of the offender toward the kind of offense for which he or she is being sentenced.

■ Having determined that the evidence in question was related to the offense at bar and did fit within the category of evidence in aggravation of that offense, we must determine whether its probative value was substantially outweighed by its prejudicial effect. Mil.R.Evid. 403. Under the circumstances of this case, including the fact that the trial judge was the sentencing authority, we find that it was not.

■ We agree with appellant's contention that the specification alleging wrong-

ful possession of some amount of marijuana was multiplicious for findings purposes with the specification alleging wrongful distribution of the same amount of marijuana on the same date. *United States v. Zubko,* 18 M.J. 378 (C.M.A.1984). We are satisfied that appellant suffered no prejudice as to sentence.

The finding of guilty of Specification 1 of the Charge is set aside and that specification is dismissed. The remaining findings of guilty and the sentence are affirmed.

Senior Judge WOLD and Judge COHEN concur.