UNITED STATES, Appellee,

v.

Specialist Five Reginald R. WRIGHT,
564–04–5310, United States
Army, Appellant.

CM 445519.

U.S. Army Court of Military Review.

29 March 1985.

Lieutenant Colonel William P. Heaston, JAGC, Captain Robert S. Johnson, Jr., JAGC, and Captain David W. Sorensen, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for appellee.

Before SUTER, YAWN, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

YAWN, Senior Judge:

In accordance with his pleas, appellant was convicted by a military judge sitting as a general court-martial of two specifications of distribution of cocaine and one of the attempted wrongful distribution of cocaine, violations of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934 (1982). He was sentenced to reduction to the grade of Private E–1, forfeiture of all pay and allowances, a dishonorable discharge, and confinement at hard labor for five years. In accordance with a pretrial agreement, the convening authority approved the sentence but suspended the confinement in excess of four years for twelve months.

At issue before this Court is whether the military judge erred by considering, during sentencing, portions of a record of trial from a prior general court-martial of appellant. This record of trial reflected appellant's conviction for sale and use of mari-

juana and for wrongful introduction of marijuana onto a military reservation. For these offenses appellant was sentenced by court members to one year's confinement but no discharge. Admitting this record over appellant's objection, the military judge specifically noted that he was considering only those portions reflecting: (1) appellant's conviction; (2) appellant's sworn testimony during sentencing in which he acknowledged he had made a mistake and felt he deserved another chance; and (3) the military judge's admonition to appellant after the sentence was announced that, since appellant was receiving the second chance he requested, he should take advantage of it.

■ While it is clear appellant's record of trial was admissible under Mil.R.Evid. 803(8) as evidence of a prior conviction,[1] the admissibility of the record for other purposes is not so easily resolved. Although Mil.R.Evid. 803(8) generally provides that public records are admissible, the rule does not envision that admission of a public record for one purpose opens the entire record for consideration. The test for relevancy still must be met and only relevant portions of the record may be considered by the court. Mil.R.Evid. 402. Conceding that the record of trial was admissible as evidence of his prior conviction, appellant argues that his testimony from the prior trial and the judge's comment to him during the trial were not relevant to the proceedings at issue. Appellant maintains that these portions of the record should not have been considered by the judge in imposing a sentence. We disagree and affirm.

■ One of the principles underlying our criminal justice system is that the punishment should fit the offender and not merely the crime. *See Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949); *United States*

---

**1.** Prior convictions may be proven by any evidence admissible under the Military Rules of Evidence. Typically, personnel records, the record of conviction, or the promulgating order is used to prove the existence of a prior convic- tion. *See* Manual for Courts-Martial, United States, 1969 (Revised edition) [hereinafter cited as Manual], Change 5, para. 75*b* (3) (1981) (current version at R.C.M. 1001(b)(3) (1984)).

*v. Vickers*, 10 M.J. 839, 842 (N.C.M.R.1981), *aff'd*, 13 M.J. 403 (C.M.A.1982). Proper application of this individualized sentencing concept necessarily depends upon the Court's knowledge about the offender as a whole person. The more accurate and complete the Court's knowledge, the more likely the Court will attain the goal of tailoring the punishment to the offender. While a court-martial does not have unfettered discretion to consider all information about an accused during sentencing, much information about an accused's background and character is admissible. *See* Manual, Change 5, para. 75 (current version at R.C.M. 1001 (1984)).

Paragraph 75 of the Manual provides that after an accused has been convicted, "the prosecution and defense may present appropriate matter to aid the court in determining an appropriate sentence." The paragraph identifies several categories of information that may be introduced by the parties at trial and notes certain limitations upon the admission of such information. Paragraph 75*b* specifically recognizes that the prosecution may present the following matters: (1) service data from the charge sheet; (2) personal data and character of prior service of accused; (3) evidence of prior convictions; and (4) evidence in aggravation.[2] Recent court decisions indicate that these provisions of paragraph 75 should not be narrowly construed.

In *United States v. Vickers*, 13 M.J. 403 (C.M.A.1982), the U.S. Court of Military Appeals eschewed a formalistic construction of paragraph 75 which would allow evidence in aggravation to be introduced during sentencing only in a guilty-plea case. Recognizing that the circumstances surrounding an offense and its repercussions are highly relevant for sentencing purposes, the Court held that, regardless of the plea, evidence directly related to the offense for which an accused has been convicted may be presented during sentencing. 13 M.J. at 406. Just last year, this Court, presented with the question of what constitutes evidence "directly related to the offense for which an accused has been convicted," declined to apply an overly restrictive definition to that phrase. *United States v. Pooler*, 18 M.J. 832 (A.C.M.R. 1984), *pet. denied*, No. 51483 (C.M.A.1985). This Court noted that an accused's attitude toward his offense is *a fortiori* related to that offense and is relevant in determining an appropriate sentence as it provides insight into the accused's rehabilitative potential, the danger he poses to society, and the need for future deterrence. 18 M.J. at 833. Since evidence of the accused's attitude toward similar offenses is often the only available evidence on this issue, this Court held such evidence is admissible as circumstantial evidence of the accused's attitude toward his present offense if its probative value is not substantially outweighed by its prejudicial effect. *Id. See* Mil.R.Evid. 403. *Cf. United States v. Gambini*, 13 M.J. 423 (C.M.A.1982) (although relevant for sentencing purposes, evidence of uncharged misconduct should not have been admitted since potential for prejudice outweighed probative value).

◼ In the present case the military judge found the portions of the record of trial reflecting appellant's testimony concerning his remorse and the military judge's admonition were relevant and proper aggravating circumstances related to the offenses for which appellant had been convicted. We agree. Appellant's prior offenses were markedly similar to the ones at issue. Appellant's testimony and the military judge's admonition at the prior trial demonstrate appellant was keenly aware of both the magnitude and seriousness of his drug related offenses and the significance of his lenient sentence. Despite such knowledge, and despite the opportunity for a "second chance," appellant again committed drug related offenses.

---

2. The current rule governing presentencing procedures, R.C.M. 1001(b), is copied almost verbatim from paragraph 75*b* but has one significant addition. The new rule expressly provides that the prosecution may also present evidence concerning the accused's rehabilitative potential. R.C.M. 1001(b)(5).

Under the *Pooler* analysis the nexus between the evidence at issue and appellant's present offenses is manifest. This information from appellant's prior trial constituted circumstantial evidence of appellant's attitude toward his most recent crimes and as such had direct bearing upon his rehabilitative potential. The relevance of this information in determining appellant's rehabilitative potential cannot be overemphasized. Admittedly, knowledge of appellant's prior conviction and the sentence received gives some indication of the rehabilitative measures previously tried on appellant.[3] Nonetheless, the bare fact that appellant was sentenced to confinement for one year for marijuana offenses does not adequately reflect the underlying circumstances of his prior punishment or fully reveal his potential for rehabilitation. This fact only suggests that one year's confinement had little deterrent effect upon appellant. Knowledge of the events that transpired at the prior trial shows that appellant received more than one year's confinement; he also received a "break." Appellant's statements at that trial which strongly evinced his remorse and the military judge's caution that appellant should take advantage of his second chance conclusively demonstrate that neither confinement nor the ultimate opportunity to continue his military career had a lasting impact upon appellant. Admission of this evidence was imperative for a proper assessment of appellant's rehabilitative potential with respect to his present offenses. Given these circumstances, appellant's positive assertions of contriteness, the military judge's admonition to appellant to take advantage of the leniency given, and appellant's disregard for both his own expressions of remorse and the military judge's advice by committing subsequent similar offenses constituted "aggravating circumstances relating to the offenses of which [appellant had] been found guilty." *See* Manual, Change 5, para. 75*b*(4). As such, these matters were admissible to aid the trial court in determining an appropriate sentence in this case.

3. *See United States v. Mack,* 9 M.J. 300, 319

■ Having found that the evidence at issue was admissible, we must still determine whether the military judge should have excluded the evidence under Mil.R. Evid. 403. *See Pooler,* 18 M.J. at 833. This rule provides that relevant evidence should not be admitted if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. Under this rule trial judges are given enormous leeway to judge the merits and demerits of admitting evidence that is otherwise admissible. S. Saltzburg, L. Schinasi, & D. Schlueter, *Military Rules of Evidence Manual* 176 (1981). Since a decision under Mil.R.Evid. 403 always gives rise to a discretionary call by the trial judge, an accused appealing such a decision has the burden of going forward with a conclusive argument that the judge abused his discretion. *United States v. Mukes,* 18 M.J. 358, 359 (C.M.A.1984). Appellant has failed to meet this burden.

■ The military judge in this case struck a proper balance between the unfair prejudice the law wishes to avoid and the probative value the law requires when he admitted and considered the matters at issue. Under the existing circumstances, the military judge was fully entitled to consider and, in order to devise a fair sentence, appropriately considered the lack of success appellant's previous punishment had in rehabilitating him as a dispenser of drugs. In so holding, we do not suggest that sentencing authorities may consider information similar to the type at issue from a trial involving a different and unrelated offense. Although this issue was not present in this case, we have doubts about the propriety of admitting such evidence. Here, however, admission of limited portions of the record of trial for the purposes specified by the military judge was proper.

The findings of guilty and the sentence are affirmed.

Chief Judge SUTER and Judge WALCZAK concur.