UNITED STATES, Appellee,

v.

**Specialist Four Robert W. HARROD, 482–88–7000, United States Army, Appellant.**

CM 446857.

U.S. Army Court of Military Review.

25 June 1985.

Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Rita R. Carroll, JAGC, and First Lieutenant Scott A. Hancock, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Patrick M. Flachs, JAGC, and Captain Robert L. Swann, JAGC, were on the pleadings for appellee.

Before SUTER, RABY, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Pursuant to his pleas, appellant was convicted by a military judge sitting as a general court-martial of wrongfully possessing marihuana with intent to distribute and of wrongfully possessing drug paraphernalia, in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 U.S.C.

§§ 912a and 934 (1982) [hereinafter cited as UCMJ].

Appellant asserts that the military judge erred by improperly receiving evidence of uncharged misconduct which was subsequently considered in determining an appropriate sentence. During the providence inquiry, the military judge admitted into evidence a stipulation of fact which, in addition to cross-referencing certain information contained in appellant's two sworn statements, provided as follows:

[Mrs. Harrod] disclosed that ... the accused was constantly smoking marijuana in their off-post apartment. She further indicated that very often he had friends from his unit over to the apartment to smoke marijuana with him.

The military judge also admitted in evidence two sworn statements previously made by the appellant (Prosecution Exhibits 2 and 3). The following information is included in appellant's statement at Prosecution Exhibit 2.

On 31 Oct 84 I purchased a ¼ pound of marih[uana] from a civilian.... I have purchased marihuana from him on several occasions.... I have since sold about five bags and fronted two bags.... I bought the ¼ pound of marihuana so that I could sell it for a personal profit. This is the first ¼ pound that I have purchased but I have gone and bought marihuana for several other people.

Appellant's statement at Prosecution Exhibit 3 contains the names of eleven soldiers to whom he sold marihuana from 31 October to 1 November 1984 and on other occasions. It also contains the name of another civilian from whom appellant had purchased marihuana and the name of a taco shop manager who sold this substance. Trial counsel recited some of the above facts in his sentencing argument to the military judge. At trial, defense counsel objected neither to the introduction of this evidence nor to the content of trial counsel's sentencing argument.

The government is prohibited neither by law nor by public policy from requiring an accused, pursuant to the terms of a pretrial agreement, to stipulate to aggravating circumstances surrounding the offenses to which the accused will plead guilty. *See United States v. Marsh*, 19 M.J. 657, 661 (A.C.M.R.1984); *see also United States v. Sharper*, 17 M.J. 803, 807 (A.C.M.R.1984). In this regard, Rule for Courts-Martial [hereinafter cited as RCM] 1001(b)(4) provides that "trial counsel may present evidence as to *any aggravating circumstances directly relating to* or resulting from *the offenses* of which the accused has been found guilty." (Emphasis supplied.) Aggravating evidence can be either direct or circumstantial in nature, *see United States v. Pooler*, 18 M.J. 832, 833 (A.C.M.R.1984). If relevant to the determination of an appropriate sentence, *see* Military Rule of Evidence [hereinafter cited as MRE] 401, such evidence is admissible, *see* MRE 402, unless the military judge determines that it should be excluded under MRE 403. This evidence need not directly establish the guilt or innocence of the accused if it otherwise meets the requirements of RCM 1001(b)(4). *Cf. United States v. Vickers*, 13 M.J. 403, 406 (C.M.A. 1982). While evidence of uncharged misconduct is not admissible during the sentencing portion of a court-martial to show that the accused deserves a harsh punishment merely because he is a repeat offender,[1] such evidence may be admitted for other legitimate purposes. *See United States v. Gambini*, 13 M.J. 423, 427 (C.M. A.1982).

It is clear that in promulgating the Manual for Courts-Martial, United States, 1984 [hereinafter cited as MCM], the President intended to greatly expand the types of information that could be presented to a court-martial during the adversarial presentencing proceeding. In fact, the drafters of the MCM have expressly indicated that RCM 1001 is intended to permit "the

---

1. Whether such evidence *should* be admissible during sentencing proceedings, subject to MRE 403, is a matter more appropriately within the purview of the President in promulgating the procedural rules contained in the Manual for Courts-Martial.

presentation of *much of the same information* to the court-martial *as would be contained in a presentence report,* but it does so within the protections of an adversarial proceeding, to which rules of evidence apply, although they may be relaxed for some purposes." MCM, App. 21 [hereinafter cited as Analysis], RCM 1001 (citation omitted) (emphasis added).[2]

 Having carefully considered the President's intent as reflected in the Analysis, together with the concerns of the United States Court of Military Appeals as reflected in *Vickers* and *Gambini,* we believe that military judges and court members are intended to have access to substantially the same amount of aggravating evidence during the presentencing procedure as is available to federal district court judges in presentencing reports. This access is to be circumscribed only as provided by the MCM rules applicable to this adversary process. Consequently, we conclude that during the presentencing procedure, RCM 1001(b)(4) is intended to allow the introduction in evidence of those uncharged acts of misconduct which would otherwise be admissible during the presentation of the merits of a contested case, subject to the balancing test of MRE 403. Thus, under RCM 1001(b)(4), any act of misconduct admissible on the merits of a contested case would also be admissible in aggravation following a plea of guilty, subject to the balancing test of MRE 403.

 We find that Mrs. Harrod's statement indicating that accused was smoking marihuana "constantly" and that he often had his friends over to their home to smoke marihuana with him, which was included in the Stipulation of Facts at Prosecution Exhibit 1, would have been admissible pursuant to MRE 404(b) on the merits of Charge II and its Specification to show appellant's guilty knowledge regarding the use of the drug paraphernalia which he possessed, his opportunity to wrongfully use the drug paraphernalia, and his motive for possess-

ing the drug paraphernalia (to aid him in the use of drugs). We also find that the probative value of this evidence substantially outweighs any danger its admission might pose to appellant's fair trial rights within the meaning of MRE 403. Thus, we find appellant's assertion that this evidence is inadmissible in aggravation to be without merit.

 Assuming, *arguendo,* that it constitutes "uncharged misconduct", we find that the information disclosed in Prosecution Exhibit 2 concerning the circumstances surrounding appellant's purchase and sale of marihuana would have been admissible on the merits of Charge I and its Specification under MRE 404(b) due to its tendency to prove appellant's motive, criminal intent, and active preparation to sell marihuana then in his possession. Likewise, the evidence contained in this exhibit concerning both appellant's prior marihuana purchases from the same civilian and his prior purchases of marihuana on behalf of several other people is highly relevant to prove his intent, motive, and guilty knowledge. Consequently, applying the balancing test of MRE 403, we also find this aggravating evidence admissible under RCM 1001(b)(4).

 Applying this analysis, we additionally find that the uncharged misconduct contained in Prosecution Exhibit 3 would have been admissible on the merits under MRE 404(b) to establish that appellant had ample opportunity to dispose of his drugs to any of a number of willing customers, to reveal his motive for possessing these drugs, and to demonstrate his criminal intent to sell the marihuana that remained in his possession. Applying the balancing test of MRE 403, we find this evidence would also have been admissible on the merits. Thus, it too would be admissible aggravating evidence within the meaning of RCM 1001(b)(4).

 Accordingly, we find all of appellant's contentions to be without merit. We

---

**2.** We particularly note that the Analysis accompanied the development of the MCM, 1984, from the initial drafting stage through the Manual's submission to the President, and that it was continually revised to reflect changes made during the drafting process. Analysis at A21–3.

note, however, that had we determined that any of these acts of misconduct were erroneously admitted in evidence, the doctrines of both waiver and harmless error could readily have been applied under the attendant circumstances.

The findings of guilty and the sentence are affirmed.

Chief Judge SUTER and Judge NAUGHTON concur.