UNITED STATES, Appellee,

v.

Staff Sergeant Paul A. ARCENEAUX,
203–44–3332, United States
Army, Appellant.

CM 447112.

U.S. Army Court of Military Review.

29 Oct. 1985.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Rita R. Carroll, JAGC, Captain David C. Hoffman, JAGC (on brief).

For Appellee: Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC, Captain John F. Burnette, JAGC, Major Richard A. Gallivan, JAGC (on brief).

Before YAWN, WILLIAMS, and KENNETT, Appellate Military Judges.

OPINION OF THE COURT

YAWN, Senior Judge:

In accordance with his pleas, appellant was convicted by a military judge sitting as a general court-martial of wrongful distribution of cocaine in violation of Uniform Code of Military Justice Article 134, 10 U.S.C. § 934 (1982). The convening authority approved appellant's sentence to a dishonorable discharge, confinement at hard labor for 14 months, forfeiture of $413.00 pay per month for 14 months, and reduction to the grade of Private E–1.

At issue is whether the military judge erred when he considered for sentencing purposes certain uncharged misconduct elicited from appellant during the providence inquiry. The following exchange took place between appellant and the military judge during this inquiry:

MJ: You say that PFC Taylor came to see you on 22 May between 11:30 and 12:00?

ACC: Yes, sir.

MJ: Why did he come and see you?

ACC: He told me to stop by his room and that he wanted to talk to me.

MJ: Did he tell you why he wanted to talk to you?

ACC: Yes, sir.

MJ: What did he tell you?

ACC: He told me that PFC Rodriguez, I believe his name was, wanted to buy some cocaine, sir.

MJ: Why did Taylor tell you this?

ACC: Because PFC Taylor was selling drugs for myself, sir.

MJ: Taylor had been selling drugs for you?

ACC: Yes, sir.

\* \* \* \* \* \*

MJ: Over what period of time had Taylor been selling drugs for you?

ACC: Approximately maybe two months prior to the offense.

Later, during the sentencing portion of the trial, two senior noncommissioned officers testified favorably on appellant's behalf. In each instance, the military judge asked the witness if he knew that the drugs appellant had been found guilty of distributing had been sold through the assistance of a Private. He also asked the witnesses if they were aware that the same Private had sold drugs for appellant in the past. The trial counsel, in his closing argument, referred to Taylor as selling drugs for appellant "for quite some time."

Appellant argues that, inasmuch as appellant was convicted of distributing drugs on only one occasion, the military judge erred by considering the prior sales. We disagree and affirm.

■ The admissibility of prior misconduct evidence for sentencing purposes does not turn directly on the type of plea entered. *United States v. Martin,* 20 M.J. 227 (CMA 1985); *United States v. Vickers,* 13 M.J. 403 (CMA 1982). In a guilty plea case, when such evidence might serve no purpose prior to findings, evidence of prior misconduct may nonetheless serve a proper and useful function during the sentencing phase of trial. *United States v. Harrod,* 20 M.J. 777, 779 (ACMR 1985). In recognition of the usefulness of such evidence on sentencing, Rule for Courts-Martial (hereinafter cited as RCM) 1001(b)(4) specifically provides that trial counsel may introduce aggravation evidence which directly relates to the particular offense. In fact, the

drafters of the Manual for Courts-Martial specifically intended to permit "the presentation of much of the same information to the court-martial as would be contained in a presentence report, but ... within the protections of an adversarial proceeding, to which rules of evidence apply, although they may be relaxed for some purposes." Manual for Courts-Martial, United States, 1984, Appendix 21. In determining the admissibility of aggravation evidence, however, a two-step inquiry must be satisfied: First, is the evidence relevant, i.e., is the evidence important to the determination of a proper sentence; and, second, does the balancing test of Mil.R.Evid. 403 preclude admission of the evidence.

In *United States v. Pooler,* 18 M.J. 832, 833 (ACMR 1984), this court stated, "the law recognizes several permissible objectives of the sentencing process, commonly including rehabilitation of the offender, protection of society from the offender, and deterrence of the offender." *See also United States v. Wright,* 20 M.J. 518, 520 (ACMR 1985). To properly assess the importance of any one or more of these objectives in a particular case the court must consider, at a minimum, the circumstances surrounding the crime for which an accused has been convicted. The facts connected with and explanatory of the crime are needed to give the court a more complete picture of the offense and the offender. *See e.g. United States v. Lewis,* 693 F.2d 189 (D.C.Cir.1982) (prior similar uncharged misconduct admissible because it tended to show design or plan to commit crimes of this sort); *United States v. Masters,* 622 F.2d 83 (4th Cir.1980) (evidence admissible as res gestae). Moreover, "in a drug distribution case, it will help the sentencing authority to learn whether the accused distributed the drug to a friend as a favor or whether he did so as part of a large *business* that he operated." *Martin,* 20 M.J. at 232 (Everett, C.J., concurring) (emphasis supplied).

■ In the case at bar, appellant's admission that Private Taylor had been selling drugs for him for two months prior to

the offense at issue has direct bearing upon appellant's rehabilitative potential. Appellant's admission demonstrates his offense was not an isolated incident but one in an overall plan to distribute drugs. This evidence is highly probative and relevant as to appellant's motive and predisposition to commit the charged offense and constitutes an aggravating circumstance of the offense. *See Martin,* 20 M.J. at 230 n. 5.

Of course, a determination that the evidence is relevant and probative does not end our inquiry. The limitations of Mil.R. Evid. 403 still apply. The military judge must balance the probative value of the evidence against its danger of unfair prejudice. *Martin,* 20 M.J. at 229; *Pooler,* 18 M.J. at 833; *see also Wright,* 20 M.J. at 521. The judge's determination is reviewed under an abuse of discretion standard. *See United States v. Shields,* 20 M.J. 174, 176 (CMA 1985); *Wright,* 20 M.J. at 521; *Pooler,* 18 M.J. at 833. In this case the military judge did not abuse his discretion in considering appellant's prior uncharged misconduct. This evidence revealed the true character of appellant's misconduct and was critical in devising an appropriate sentence for the charged offense.

We have considered the remaining assignment of error and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Judge WILLIAMS and Judge KENNETT concur.