**UNITED STATES, Appellee,**

v.

**Sergeant Demetrius L. GREEN, 264–15–7955, United States Army, Appellant.**

**CM 447246.**

U.S. Army Court of Military Review.

25 Nov. 1985

For Appellant: Lieutenant Colonel William P. Heaston, JAGC, Major Eric T. Franzen, JAGC, Captain Annamary Sullivan, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Erik M. Stumpfel, JAGC, Captain Patrick J. Cunningham, JAGC (on brief).

Before RABY, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Pursuant to his plea, appellant was convicted of two specifications of larceny and two specifications of presenting false claims, in violation of Articles 121 and 132, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 921 and 932 (1982), respectively.

## I. Introduction of Uncharged Misconduct on Sentencing

Appellant asserts that the military judge erred in receiving evidence of uncharged misconduct during the sentencing portion of the trial.

Appellant was charged with presenting two false and fraudulent travel vouchers, to wit: travel voucher #403170 on 6 December 1983 and travel voucher #411024–A on 9 July 1984. The government withdrew specifications alleging the presentation of other false and fraudulent vouchers, specifically: travel voucher #407347 on 13 April 1984 and travel voucher #406064 on 7 March 1984. During the presentencing proceedings, trial counsel offered in evidence "Prosecution Exhibit 1 for Identification ... a Certification and information from the Finance Records of the accused reference the recruitment [sic] of the Government of the money involved in this case...." This exhibit, Department of Defense [hereinafter DD] Form 139-Pay Adjustment Authorization-and an enclosure thereto, reflected certain collection (recoupment) actions initiated against appellant by the government.[1] The Pay Adjustment Authorization and the enclosure thereto contained information relevant to the withdrawn travel voucher specifications, in addition to information about travel vouchers #403170 and #411024–A. Thus, Prosecution Exhibit 1 did, on its face, reflect evidence of uncharged misconduct. Nonetheless, defense counsel affirmatively declined to object to the admission of the exhibit.[2]

Evidence of uncharged misconduct is not admissible during the sentencing portion of a court-martial to show that appellant deserves a harsh punishment merely because he is a repeat offender. *United States v. Gambini*, 13 M.J. 423, 427 (C.M. A.1982); *United States v. Harrod*, 20 M.J. 777 (A.C.M.R.1985).

However, as this court stated in *Harrod:*

It is clear that in promulgating the Manual for Courts-Martial, United States, 1984 [hereinafter cited as MCM], the President intended to greatly expand the types of information that could be presented to a court-martial during the adversarial presentencing proceeding. In fact, the drafters of the MCM have expressly indicated that RCM 1001 is intended to permit "the presentation of *much of the same information* to the court-martial *as would be contained in a presentence report*, but it does so within the protections of an adversarial proceeding, to which rules of evidence apply, although they may be relaxed for some purposes." MCM, App. 21 [hereinafter cited as Analysis], RCM 1001 (citation omitted) (emphasis added).

Having carefully considered the President's intent as reflected in the Analysis, together with the concerns of the United States Court of Military Appeals as reflected in *Vickers*[3] and *Gambini*, we believe that military judges and court members are intended to have access to substantially the same amount of aggravating evidence during the presentencing procedure as is available to federal district court judges in presentencing reports. This access is to be circumscribed only as provided by the MCM rules applicable to this adversary process. Consequently, we conclude that during the presentencing procedure, RCM 1001(b)(4) is intended to allow the introduction in evidence of those uncharged acts of misconduct which would otherwise be admissible during the presentation of the merits of a contested case, subject to the balancing test of MRE 403. Thus, under RCM 1001(b)(4), any act of misconduct admissible on the merits of a contested

---

1. These collection actions were based on the results of a Criminal Investigation Division Report of Investigation concerning appellant.

2. Following trial counsel's offer of Prosecution Exhibit 1 for Identification in evidence, defense counsel stated, "No objections to Prosecution Exhibit 1."

3. *United States v. Vickers*, 13 M.J. 403 (C.M.A. 1982).

case would also be admissible in aggravation following a plea of guilty, subject to the balancing test of MRE 403. *United States v. Harrod,* 20 M.J. at 779–780. (Original footnote 2 deleted and new footnote added).

We have carefully re-examined our holdings in the cases of *United States v. Arceneaux,* 21 M.J. 571 (A.C.M.R.1985); *United States v. Perry,* 20 M.J. 1026 (A.C. M.R.1985); and *United States v. Harrod,* 20 M.J. 777, and with one exception to be hereinafter discussed, we adhere to the conclusions contained therein. In those cases, we indicated that during the presentencing proceeding, before a military judge accepts in evidence the adverse information offered by the government, he should *sua sponte* apply the balancing test of Military Rule of Evidence [hereinafter MRE] 403. Although it is recommended that such a procedure be followed whenever practicable, in our view, it is too paternalistic and contrary to the intent of the Military Rules of Evidence to place this burden on the military judge in the absence of a specific and timely objection from the defense counsel. *See* MRE 103(a)(1).[4]

■ In the case at bar, evidence of the uncharged misconduct would have been admissible on the merits in a contested case to establish knowledge, intent, plan, motive, or scheme. *See* MRE 404(b). Thus, the information was duly admissible under the provisions of Rule for Courts-Martial [hereinafter RCM] 1001(b)(4). *United States v. Harrod,* 20 M.J. 777.

■ Furthermore, DD Form 139 qualifies as a personnel record of appellant, and in the absence of rebutting evidence, we presume that the DD Form 139 contained in Prosecution Exhibit 1 was maintained in accordance with departmental regulations. Accordingly, the information contained in

Prosecution Exhibit 1 also was admissible under the provisions of RCM 1001(b)(2).[5]

■ Assuming *arguendo* that it was error to admit Prosecution Exhibit 1 into evidence during the presentencing procedure, we find that this error does not rise to the level of plain error within the meaning of MRE 103(d). Accordingly, the issue was waived both by appellant's failure to object in a timely manner to the admission of Prosecution Exhibit 1 and by his affirmative waiver thereof. *See* MRE 103(a)(1); *cf. United States v. Kline,* 14 M.J. 64, 66 (C.M.A.1982) (the presumption of regularity would sustain the admissibility of a personnel record containing no defect on its face, and where nothing on its face indicates that it was not prepared in accordance with applicable regulations, the failure to object waives an objection that the document was not properly prepared).

This assignment of error is without merit.

## II. Multiplicity

■ Appellant asserts that the military judge erred by failing to find the presentation of two false claims (Charge I and its specifications) as multiplicious for findings with the two larceny offenses (Charge II and its specifications).

In the interests of judicial economy we will consolidate the two false claim offenses with the two larceny offenses. Even assuming *arguendo* that these respective offenses are multiplicious for findings, appellant has suffered no prejudice as to sentence because the military judge held that Specifications 1 of Charges I and II were multiplicious for sentencing purposes and that Specifications 2 of Charges I and II were likewise multiplicious.

We have considered the other issues personally raised by appellant and find them to be without merit.

---

4. Manual for Courts-Martial, United States, 1984, App. 22, MRE 103 pertinently states:

   Rule 103(a)(1) requires that a timely motion or objection generally be made in order to preserve a claim or error. This is similar to but more specific than present practice.

5. Following our own suggested practice and applying the balancing test of MRE 403 to the adverse information contained in Prosecution Exhibit 1, we conclude that the probative value of this evidence substantially outweighs any danger that its admission might pose to appellant's fair trial rights.

Specifications 1 of Charges I and II and Specifications 2 of Charges I and II are consolidated, respectively, by inserting at the end of both Specifications 1 and 2 of Charge II the words "by means of previously presenting a travel voucher to the Finance and Accounting Officer, 193d Infantry Brigade which was then known by the said Sergeant Demetrius L. Green to be false and fraudulent." The findings of guilty of Specifications 1 and 2 of Charge I are set aside and that Charge and its specifications are dismissed.[6] The findings of guilty of Specifications 1 and 2 of Charge II, as amended, are affirmed. The remaining findings of guilty and the sentence are affirmed.

Judge CARMICHAEL and Judge ROBBLEE concur.

---

6. Because we find as fact that appellant is guilty of Charge I and its specifications, these specifications and Charge I can be revived in the discretion of higher appellate authority in ac-cordance with the conditions set out in *United States v. Williamson,* 19 M.J. 617 (A.C.M.R. 1984), *pet. denied,* 21 M.J. 24 (C.M.A.1985).