**UNITED STATES, Appellee,**

v.

**Sergeant First Class Gerald C. LAWRENCE, 408–80–0525, United States Army, Appellant.**

**SP CM 21943.**

U.S. Army Court of Military Review.

16 July 1986.

For Appellant: Major Eric T. Franzen, JAGC, Captain Annamary Sullivan, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Carlton L. Jackson, JAGC (on brief).

Before RABY, CARMICHAEL and ROBBLEE, Appellate Military Judges.

1. Reduction to an intermediate grade contemporaneous with the imposition of a punitive discharge does not result in a legally inconsistent sentence, since the further reduction to the pay grade E–1 is an administrative consequence of the operation of Article 58a, UCMJ, 10 U.S.C. § 858a (1982). *See United States v. Pleasants,* 46 C.M.R. 1294, 1299 (A.C.M.R.1973), *citing, United States v. Smothers,* 34 C.M.R. 780 (A.F.B.R.1963), *pet. denied,* 34 C.M.R. 480 (C.M.A. 1964).

2. The challenged evidence was a sworn statement made by appellant in 1976 for the purpose of validating his security clearance which related, in general terms, to the longstanding nature and scope of appellant's drinking problem. In that statement, appellant acknowledged that he had made false statements to others about marital, educational, and military aspects of his

## OPINION OF THE COURT

ROBBLEE, Judge:

Contrary to his plea, appellant was convicted by a military judge sitting as a special court-martial of wrongful solicitation of another to commit sodomy in violation of Article 134, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. § 934 (1982). The military judge sentenced appellant to a bad conduct discharge and reduction to the grade of Sergeant E–5.[1] The convening authority approved the sentence as adjudged, thus administratively reducing appellant to the pay grade E–1 by operation of law. *See* Article 58a, UCMJ, 10 U.S.C. § 858a (1982).

■ On appeal appellant asserts three errors, only one of which merits our discussion. Appellant argues that the military judge erred during the sentencing portion of trial by admitting in evidence, pursuant to Rule for Courts-Martial [hereinafter cited as RCM] 1001(b)(5), a prior sworn statement made by appellant which tended to show appellant's limited potential for rehabilitation.[2] We agree.

Initially, we acknowledge that RCM 1001 has been broadly interpreted as allowing an expanded presentencing practice in the military closely analogous to that in the civilian sector. *See* RCM 1001, Drafters' Analysis, Appendix 21, Manual for Courts-Martial, United States, 1984 [hereinafter cited as Drafters' Analysis]; *United States*

background due, in part, to the effects of alcohol. Appellant also acknowledged two alcohol-related driving convictions and denied allegations that he had committed a homosexual act, stating that he would not engage in such an act even if under the influence of alcohol.

Although no attempt was made to introduce this statement in evidence on the merits, the trial counsel used the information it contained throughout his extensive cross-examination of appellant. The defense counsel only objected once, when trial counsel asked appellant whether he was intoxicated when he committed a homosexual act with another soldier in 1975. This objection was overruled and appellant, as he had done in the sworn statement made in 1976, denied the commission of any homosexual act.

*v. Green,* 21 M.J. 633 (A.C.M.R.1985), *pet. denied,* No. 54, 124/AR (C.M.A. 12 Jun. 1986); *United States v. Harrod,* 20 M.J. 777 (A.C.M.R.1985). Notwithstanding the foregoing, and while we recognize that RCM 1001(b)(5) represents a new dimension in presentencing procedure,[3] we cannot construe its language[4] or the Drafters' Analysis[5] associated with it as contemplating more than the introduction of opinion evidence, either by third party testimony or by deposition, relative to an accused's duty performance and potential for rehabilitation. While we recognize that there might be rare circumstances in which former written statements by an accused might qualify as RCM 1001(b)(5) opinion evidence, we need not reach this question to decide this case.

▮ Accordingly, to the extent that the military judge allowed the prosecution to introduce a prior statement by appellant not in the nature of an opinion pursuant to RCM 1001(b)(5), the military judge erred. We find, however, that such error was harmless, since the complained of evidence[6] was substantially before the court because of the lack of a timely defense objection on the merits. Military Rule of Evidence [hereinafter MRE] 103(a)(1). To the extent that the contents of the statement were not already before the court, they were in our view, otherwise admissible under RCM 1001(b)(2) as matters pertaining to appellant's past military history and conduct. *Cf. United States v. Perry,* 20 M.J. 1026 (A.C.M.R.1985) (information on a DD Form 508 pertaining to appellant's past military conduct and past performance as a military pretrial confinement prisoner was admissible under RCM 1001(b)(2)).

▮ While we are mindful that MRE 403 states that relevant evidence should not be admitted if its probative value is substantially outweighed by its potential for prejudice or issue obfuscation,[7] we find that the military judge's decision to consider that portion of the challenged evidence admitted before findings for the limited purpose of determining the credibility of appellant and the other witnesses[8] to be a permissible exercise of judicial discretion. *United States v. Wright,* 20 M.J. 518, 521 (A.C.M.R.1985) (since trial judges possess great

---

3. *United States v. Wright,* 20 M.J. 518, 520, n. 2 (A.C.M.R.1985).

4. Rule for Courts-Martial 1001(b)(5) provides: (5) *Evidence of rehabilitative potential.* The trial counsel may present, by testimony or oral deposition in accordance with RCM 702(g)(1), evidence, in the form of opinion, concerning the accused's previous performance as a servicemember and potential for rehabilitation. On cross-examination, inquiry is allowable into relevant and specific instances of conduct.

5. Rule for Courts-Martial 1001(b)(5), Drafters' Analysis, pertinently provides that the
   introduction of [character] evidence ... should not be contingent solely upon the election of the defense. Information of a similar nature, from the accused's employer or neighbors, is often included in civilian presentencing reports. *See e.g.,* Fed.R.Crim.P. 32(c)(2). *Subsection (5) guards against unreliable information by guaranteeing that the accused will have the right to confront and cross-examine such witnesses.*
   (Emphasis added.)

6. *See* n. 2, *supra.*

7. Although we believe MRE 403 balancing to be the better practice, trial judges are not *sua sponte* required to test for prejudicial effect in the absence of a timely and specific defense objection. *United States v. Green,* 21 M.J. at 636. *But cf. United States v. Watkins,* 21 M.J. 224, 227–28 (C.M.A.1986) (Everett, C.J., concurring) (MRE 403 prevents cross-examiner from eliciting "unduly prejudicial" information even though it's relevant to accused's credibility).

8. Prior to announcing findings the military judge pertinently noted that
   in regard to the evidence presented concerning prior false statements or what some might characterize as "Uncharged Misconduct," *the court received that into evidence for the limited purpose of determining credibility of witnesses, to include the accused as a witness,* and has considered it for no other purpose.
   (Emphasis added.) *Compare* the judge's acceptance of the evidence for such a limited purpose *with United States v. Owens,* 21 M.J. 117, 124 (C.M.A.1985) (prejudicial tendencies of the evidence substantially reduced by judge's limiting instruction).

latitude in deciding MRE 403 questions, abuse of discretion in exercising such authority will not lie absent a conclusive showing of the same by appellant). Accordingly, we hold that the challenged evidence was admissible in evidence and was within the wide range of matter now permissible for consideration at sentencing notwithstanding the error noted. *Cf. United States v. Holt,* 22 M.J. 553 (A.C.M.R. 1986) (use of information arising during providence inquiry is not *per se* impermissible for sentencing purposes).

The remaining assignments of error are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge RABY and Judge CARMICHAEL concur.