UNITED STATES

v.

**Master Sergeant William D. BERGER, FR 283–46–2601, United States Air Force.**

**ACM 25371.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Jan. 1986.

Decided 17 Oct. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Charles L. Wille.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major David F. Barton.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

STEWART, Judge:

In accordance with his pleas the accused was convicted of two instances of indecent liberties with an eight year old girl, K.H., and one instance of committing an indecent act upon the body of the same girl. All the acts occurred during the late spring to early summer of 1985. The indecent liberties and act consisted of showing the girl a magazine depicting naked adults in sexual situations, asking her to expose her private parts, offering to show her his private parts, placing his hands upon her legs and private parts while she was fully clothed, and saying to her, "I'd like to be between your legs." He was sentenced to a bad conduct discharge, confinement for three years, and reduction to E–1.

Appellate defense counsel have assigned as error that the trial judge erred, to the substantial prejudice of the accused, by admitting on sentencing, over defense objection, testimony by the accused's step-daughter alleging uncharged acts of sexual abuse. We agree.

Prior to the receipt of pleas, defense counsel moved *in limine* to exclude testimony by both the accused's step-daughters which would have alleged sexual abuse of them by the accused. In the defense's written submission there were offers of proof as to the step-daughter's expected testimony. The prosectuion also submitted additional offers of proof. These were all in the nature of summarized expected testimony.

After litigation of the motion *in limine,* the trial judge ruled he would admit the testimony of only one of the step-daughters on specific intent even though the defense had announced intent would not be in issue. The accused initially pleaded not guilty, but after a twenty hour recess he changed his pleas to guilty and was found guilty by the trial judge. No evidence from the step-daughters was actually admitted before the findings.

After the findings of guilty the trial judge admitted into evidence Prosecution Exhibit 1, a stipulation of fact concerning the offenses of which the accused was found guilty. The stipulation contained statements as to the accused's intent concerning all three of the offenses, i.e. "He made the suggestion seeking sexual stimulation"; "The statement was made because it sexually excited the accused"; and "He did so because he found touching sexually exciting." Thereafter, over defense objections to the substance of the evidence, the trial judge seemingly ruled he'd admit step-daughter T.A.R.'s deposition in the presentencing proceedings "solely for the purpose of assisting the court in determining an appropriate sentence considering such factors as rehabilitation and specific deterrence." He did this although apparently he had "not read the deposition" at that time.

Later the trial judge conducted an Article 39(a) session in which all parties reviewed T.A.R.'s deposition, and the trial

judge redacted portions of it. After the court members assembled for the presentencing proceedings, but before the defense's case in mitigation and extenuation, the trial judge instructed the court as follows:

> ... You are about to receive through testimony in the form of a deposition, evidence that the accused may have been previously involved in acts of sexual misconduct with a minor. You are advised that *this evidence has been admitted to assist you if it can, in tailoring a proper sentence for the accused in light of such factors as rehabilitation and specific deterrence.* It has not been admitted to show, and it must not be considered by you as showing that the accused deserves harsh punishment *simply* because he may have engaged in sexual misconduct with a minor previously. (Emphasis supplied).

The trial judge then permitted trial counsel to read portions of T.A.R.'s deposition to the court. We summarize those readings as follows: T.A.R.'s birth date is 8 July 1963. In 1974 the accused began dating her mother in Bellevue, Nebraska. He married her mother in June 1975. In early 1975 the accused began to make approaches to T.A.R. which were less than fatherly in nature. He began making a game of taking her clothes off against her will. He would tickle, touch her breast and bottom. She was ten or eleven at the time. The family moved to Okinawa in February 1976. The advances continued and became more severe. The accused would force her to kiss him, take his clothes off also, and "force himself to have intercourse" with her. It was "sexual intercourse without penetration." These approaches became a regular routine and became as frequent as a few times a week to four times a week. T.A.R. was twelve when they moved to Okinawa and sixteen when they left. The accused would have an erection every time and seventy-five percent of the time would ejaculate. T.A.R. would resist the accused, and "he wouldn't be able to penetrate." "He would have sexual intercourse between [her] legs." These approaches

ceased when the family left Okinawa and moved to Florida, although once he tried to push T.A.R. into her room and told her things could go back to the way they used to be. T.A.R. told a friend, who told school authorities.

R.C.M. 1001 generally governs the presentencing procedure and the receipt of evidence during the procedure. Of course, the Military Rules of Evidence are also applicable, unless the rules of evidence have been relaxed in accordance with R.C.M. 1001(c)(3) and 1001(d) and M.R.E. 1101(c). The drafters of the Manual for Courts-Martial (MCM), 1984, have commented that R.C.M. 1001 "allows the presentation of much of the same information to the court-martial as would be contained in the presentence report, but it does so within the protections of an adversarial proceeding, to which rules of evidence apply ...", MCM, 1984, App. 21, R.C.M. 1001. Judge Cox of the Court of Military Appeals has recently stated:

> An appropriate analysis of proffered government evidence on sentencing is first to determine if the evidence tends to prove or disprove the existence of a fact or facts permitted by the sentencing rules [*compare* R.C.M. 1001, Manual for Courts-Martial, United States, 1984, *with* para. 75, Manual for Courts-Martial, United States, 1969 (Revised edition)]. If the answer is yes, then is the proffered evidence admissible under either the Military Rules of Evidence or the more relaxed rules for sentencing?

*United States v. Martin*, 20 M.J. 227, 230, note 5, (C.M.A.1985). Not everything is admissible in the presentencing proceedings. To the contrary, prescribed rules must be observed. Nothing in the cases, such as *United States v. Harrod*, 20 M.J. 777 (A.C.M.R.1985) and *United States v. Wright*, 20 M.J. 518 (A.C.M.R.1985) which were cited by the trial judge, leads us to believe otherwise. *Harrod* involved evidence of uncharged misconduct admitted prior to findings and in aggravation, whereas *Wright* dealt with a prior conviction.

R.C.M. 1001(b)(4) allows the prosecution to present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. However, as the drafters of the MCM, 1984, cautioned, "This subsection does not authorize introduction in general of evidence of bad character or uncharged misconduct. The evidence must be of circumstances directly relating to or resulting from an offense of which the accused has been found guilty." MCM, 1984, App. 21, R.C.M. 1001(b)(4). The substance of T.A.R.'s deposition clearly was not directly related to the offenses of which the accused was convicted. Indeed, it does not appear that the trial judge admitted it as aggravation under R.C.M. 1001(b)(4).

In accordance with R.C.M. 1001(b)(5) trial counsel may present, by testimony or oral deposition, evidence in the form of opinion, concerning the accused's potential for rehabilitation. It is possible that the trial judge may have had this rule in mind for he instructed the court that the evidence was admitted to assist the court "... in light of such factors as rehabilitation...." However, this rule only permits opinion evidence, not evidence of specific instances of uncharged misconduct. Indeed, the drafters of the Manual have said as much. MCM, 1984, App. 21, R.C.M. 1001(b)(5).

■ Any evidence properly introduced on merits before findings, including evidence of other offenses or acts of misconduct even if introduced for a limited purpose, may be considered by a court-martial in determining the sentence. R.C.M. 1001(f)(2)(A). It is apparently now settled that the mere fact the accused pleads guilty does not preclude the consideration of evidence of uncharged misconduct properly introduced before findings. *United States v. Martin, supra; United States v. Silva,* 21 M.J. 336 (C.M.A.1986). In the case before us however, T.A.R.'s deposition had not been admitted into evidence before the findings. While the trial judge had ruled to the effect he would admit evidence of one of the step-daughters on specific intent, he did not have T.A.R.'s deposition before him and it was clear he still intended to apply the M.R.E. 403 balancing process when any specific evidence was proffered.

We have reviewed the other provisions of R.C.M. 1001 and find no applicable theory of admissibility of this evidence therein. Nor, do we find any other basis for admitting the deposition. Even if there is some threshold basis for the court to consider T.A.R.'s evidence, we find it cannot pass muster under M.R.E. 403 which permits exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members. The acts allegedly committed on T.A.R. were obviously much more serious than those charged. The acts constituted a continuous course of conduct over a period of four years. A hiatus of six years occurred between the alleged acts committed on T.A.R. and the acts charged. *See United States v. Hancock,* 14 M.J. 998 (A.C.M.R. 1983); *United States v. Mayer,* 21 M.J. 504 (A.F.C.M.R.1985). The confusion that the admission of this evidence could cause the court is illustrated by the trial judge's prefacing instruction. Was the court expected to consider the evidence in determining whether a punitive discharge was appropriate? Did "specific deterrence" mean long term confinement may be appropriate? Could the court decide the accused deserved "harsh punishment" because of T.A.R.'s evidence when considered in conjunction with the offenses of which he was convicted?

■ While the M.R.E. 403 balancing process is within the sound discretion of the trial judge, (*United States v. Barus,* 16 M.J. 624 (A.F.C.M.R.1983); *United States v. Woodyard,* 16 M.J. 715 (A.F.C.M.R. 1983), we conclude he abused his discretion in this case. The danger the court would punish the accused for acts with T.A.R., as well as the acts of which he was convicted, was too great.

■ Although the sentence was considerably less than the maximum authorized, we nevertheless find the accused was sub-

stantially prejudiced. We cannot ignore the fact the court had before it improper evidence of offenses vastly more serious that those of which the accused was convicted.

■ We also note that the trial judge additionally instructed the court that "a punitive discharge *may* effect (sic) the accused's future with regard to his legal rights, economic opportunities and social acceptabilities." (Emphasis added). The Court of Military Appeals condemned this instruction in *United States v. Soriano*, 20 M.J. 337 (C.M.A.1985). "Will" affect, rather than "may" affect, is the appropriate instruction. However, in light of our disposition of this case because of the error in admitting T.A.R.'s deposition, we need not assess the harm this error may have caused.

The findings of guilty are approved.

We find the admission of T.A.R.'s deposition was prejudicial error. We do not, therefore, approve the sentence. The sentence is set aside. A rehearing on the sentence may be held.

Senior Judge SESSOMS and Judge LEWIS concur.