# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant Major ANDREW F. UNDERWOOD**
**United States Army, Appellant**

ARMY 20110319

U.S. Army Military District of Washington
Steven H. Levin, Military Judge
Colonel Corey L. Bradley, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

13 November 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

ALDYKIEWICZ, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of six specifications of false official statement, six specifications of wearing unauthorized ribbons and insignia, and one specification of false swearing, in violation of Articles 107 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 934 (2006). The military judge sentenced appellant to confinement for twelve months and a bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority approved only thirty days' confinement and a bad-conduct discharge. At the time of trial, appellant was a Command Sergeant Major with over twenty-five years of service assigned to the Criminal Investigation Command (CID).

Having considered appellant's allegations of error alleging, *inter alia*, that his sentence was inappropriately severe, as well as those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A 1982), we find

the allegations of error and the matters personally raised by appellant, to include the alleged inappropriateness of appellant's sentence, lack merit and warrant no relief. We leave for another day any discussion regarding the government's contention that our superior court's decision in *United States v. Nerad*, 69 M.J. 138 (C.A.A.F. 2010) placed certain limits on this court's authority to determine sentence appropriateness.

On consideration of the entire record, to include the issues personally raised by appellant, we are satisfied the findings are correct in law and fact and that the sentence is appropriate. We therefore, affirm the findings of guilty and the sentence.

Senior Judge KERN concurs.

MARTIN, Judge, dissenting:

While I agree that the findings are correct in law and fact, I disagree with my colleagues as to the sentence and would find that appellant's approved sentence to a punitive discharge is inappropriately severe.

It is clear this court has both the authority and the responsibility to determine whether an approved sentence is appropriate. In *United States v. Bauerbach*, 55 M.J. 501, 502–06 (Army Ct. Crim. App. 2001), this court provided a historical review of the events that led to the development of the Uniform Code of Military Justice (UCMJ) as a backdrop to the Courts of Criminal Appeals' unusually broad statutory authority for review under Article 66, UCMJ. Several troubling courts-martial cases arising during World War I, combined with a large number of courts-martial convictions in World War II, prompted Congress to provide more procedural due process for servicemembers in the UCMJ. *Id.* at 502–03 (citing *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001); *United States v. Lacy*, 50 M.J. 286, 287–88 (C.A.A.F. 1999)). Indeed, Article 66, UCMJ, was drafted, in part to ensure that commanders did not exercise "too much control over court-martial procedures *and results*." *Bauerbach*, 55 M.J. at 503 (emphasis added).

Article 66, UCMJ, provides that this court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, *should be approved*." UCMJ art. 66(c) (emphasis added). The distinctive authorization for sentence review is further highlighted when compared to the statutory authority of our superior court under Article 67(c), UCMJ. The Court of Appeals for the Armed Forces may "act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as *incorrect in law* by the Court of Criminal Appeals . . . . The Court of Appeals for the Armed Forces shall take action only with respect to *matters of law*." UCMJ art. 67(c) (emphasis added).

The government in its brief before this court, relies on *United States v. Nerad*, 69 M.J. 138 (C.A.A.F. 2010), among other cited authority as a limitation on this court's authority to evaluate the appropriateness of a sentence. It is important to note that the holding in *Nerad* pertained to the service court's ability to disapprove a legally and factually sufficient *finding* based on equity; it is not a sentence appropriateness case. In *Lacy*, the Court of Appeals for the Armed Forces highlighted our court's highly discretionary and unusual authority under Article 66, UCMJ, by providing*,* "The power to review a case for sentence appropriateness, including relative uniformity, is vested in the Courts of Criminal Appeals, not in our Court, which is limited to errors of law." *Lacy*, 50 M.J. at 288. It is clear, then that "our . . . authority to review for factual sufficiency and sentence appropriateness exists separately and independently from our legal sufficiency authority." *Bauerbach*, 55 M.J. at 504.

Congress has given the Courts of Criminal Appeals the authority to ensure "a fair and just punishment for every accused," by requiring that a judicial body review all qualifying, approved sentences as a procedural safeguard against inappropriately severe sentences. *Id.* (quoting *United States v. Lanford*, 6 U.S.C.M.A. 371, 378, 20 C.M.R. 87, 94 (1955)). This mandate exists even when no legal error was committed. *Id*. at 506. Accordingly, the UCMJ requires that the members of this court independently determine, in every case within our limited Article 66, UCMJ, jurisdiction, the sentence appropriateness of each case we affirm. Finally, it is important to point out that determining an appropriate sentence is distinct from granting clemency. "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. Clemency involves bestowing mercy—treating an accused with less rigor than he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

In order to determine sentence appropriateness, we must review each case with "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Roukis*, 60 M.J. 925, 930–31 (Army Ct. Crim. App. 2005) (quoting *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982) (internal quotation marks omitted)). "A soldier should not receive a more severe sentence than otherwise generally warranted by the offense, the circumstances surrounding the offense, his acceptance or lack of acceptance of responsibility for his offense, and his prior record." *Roukis*, 60 M.J. at 931 (quoting *United States v. Aurich*, 31 M.J. 95, 97 n.* (C.M.A. 1990) (internal quotation marks omitted)). Moreover, "the punishment should 'fit the offender and not merely the crime.'" *Roukis*, 60 M.J. at 931 (quoting *United States v. Wright*, 20 M.J. 518, 519 (A.C.M.R. 1985)).

Appellant served over twenty years of service before he committed his first charged offense. A review of the charged misconduct versus his actual career highlights the injustice of a punitive discharge. Although the charges were

numerous, the gravamen of the offenses is limited to failure to correct records that inflated or exaggerated his deployment time, wearing the associated ribbons, medals, and accoutrements for the deployments in which he did not participate, and allowing his records to reflect embellishments to his prior positions and civilian education. He was not charged with altering the records or submitting false documents in support of the erroneous entries. Appellant pled guilty to all offenses as charged and he expressed remorse and accepted responsibility for his actions. While the offenses were especially troubling in light of his position as both a Command Sergeant Major and a CID agent, the offenses were not so severe as to warrant a bad-conduct discharge and termination of his ability to receive any meaningful benefits. Therefore, based on the circumstances surrounding the offenses, his guilty plea to all charges and specifications, and his almost twenty years of otherwise honorable service, I find that the bad-conduct discharge is inappropriately severe. I further submit that this case is exactly what Congress had in mind when they provided service courts with the highly discretionary authority to review a sentence and determine its appropriateness under Article 66, UCMJ.

This court has the power and the responsibility to affirm only so much of the sentence as should be approved, based on the entire record. That portion of the punishment that results in the loss of all benefits attendant to appellant's service is inappropriately severe given appellant's entire record. Accordingly, I would disapprove the bad-conduct discharge, not as a matter of clemency, but to assure that justice is done.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court