**UNITED STATES, Appellee**

v.

**Private (E–1) Leon J. NELLUM, Jr. 442–78–2688, United States Army, Appellant.**

**ACMR 8600473.**

U.S. Army Court of Military Review.

27 May 1987.

---

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Denise K. Vowell, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before FELDER, SMITH and ROBBLEE, Appellant Military Judges.

## OPINION OF THE COURT

FELDER, Senior Judge:

Pursuant to his pleas, appellant was convicted by a military judge sitting as a general court-martial of an unauthorized absence, violation of a lawful general regulation, escape from custody, larceny, five specifications of forgery, four bad check offenses, making a false statement, and two specifications of false swearing, in violation of Articles 86, 92, 95, 121, 123, 123a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 895, 921, 923, 923a, and 934 (1982), respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for two years, total forfeitures, a fine of $20,000.00, and to be confined for an additional one year if the fine is not paid before the completion of the adjudged period of confinement. The convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for two years, total forfeitures, and a fine of $20,000.00.

After pleas of guilty were accepted, but prior to sentencing, the military judge admitted into evidence as aggravation a promulgating order introduced by the trial counsel that showed appellant had been previously convicted by a special court-martial pursuant to pleas of guilty.[1] The de-

---

1. Since the prior conviction was not offered to impeach appellant's credibility, Manual for

fense did not object to the admission of this order. Unlike *United States v. Wright,* 20 M.J. 518 (A.C.M.R.), *petition denied,* 21 M.J. 309 (C.M.A.1985), not all of the prior offenses were "markedly similar" to those in the instant case. Over objection of the defense counsel, the military judge also admitted into evidence a stipulation of fact from the special court-martial record of trial that furnished detailed information regarding the commission of the earlier offenses. Appellant now challenges this latter ruling.[2]

Pursuant to Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter R.C.M.] 1001, the sentencing authority should be presented with all matters that would aid in determining an appropriate sentence. It is undisputed that proof of a prior court-martial conviction is admissible in aggravation. *See* R.C.M. 1001(a)(1)(A)(iii). Often such evidence is in the form of an order promulgating the result of trial. *See* R.C.M. 1001(b)(3)(C) discussion. Unlike the "good old days," the orders now being published are often so abbreviated[3] that they provide virtually no details regarding the offenses to which they make reference.[4] Since a previous conviction is proper aggravation evidence, the attendant circumstances of the prior offenses are logically relevant and meaningful to a complete understanding of the offenses.

■ The stipulation of fact was admitted at the prior court-martial in conjunction with appellant's guilty pleas. The value of this type of stipulation is that it "establishes, directly or by reasonable inference, every element of a charged offense." R.C.M. 811(c) discussion. It is also permissible, if not desirable, for such a stipulation to contain facts that aggravate, extenuate, or mitigate the offenses to which the accused pleads guilty. Stipulations are only admitted into evidence with the consent of the parties after the trial judge has determined the accused's consent thereto is informed and voluntary. *Id. See also United States v. Cambridge,* 12 C.M.R. 133 (C.M.A.1953).

■ The facts and circumstances establishing the commission of prior offenses are proper for consideration by the sentencing authority. *See* R.C.M. 1001(b)(4) and (c)(1). This type of information enhances the intelligent determination of an appropriate sentence for the subsequent crimes committed. We find no valid reason to foreclose the admission of stipulated facts that explain prior offenses.[5] To the contrary, the sentencing provisions of the

Courts-Martial, United States, 1984 [hereinafter M.C.M.], Mil.R.Evid. 609, which governs impeachment by evidence of conviction of a crime, does not control our resolution of the instant case.

2. While we believe the defense objection premised on relevance was properly overruled in this case, there may well be instances where a stipulation of fact from a previous trial contains extraneous matters that are not relevant to the purpose for which the stipulation is offered. In any event, even relevant evidence may be subject to exclusion upon timely objection for such grounds as "the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Mil.R.Evid. 403.

3. The guidance provided for the drafting of promulgating orders directs that "[e]ach specification should be concisely summarized." M.C.M. App. 17, A17–1, Note, following form specification under Charge IV. While economy of words adds to the ease of preparing such orders, much detailed information regarding the offense is lost in the process.

4. For example, the order in the instant case describes Specification 1 of Charge II as "Forgery on 18 Nov 85." The stipulation of fact explains that appellant forged a stolen check and made it payable to himself under an assumed name in the amount of $4000.00. It is apparent that the facts and circumstances contained in the stipulation provide far more insight into the relative severity of the offense than the generic description contained in the promulgating order.

5. This issue is quite distinct from the question of whether the defense may object to the admissibility of matters contained in the stipulation of fact offered in conjunction with the pleas of guilty being considered by the court. *Compare United States v. Taylor,* 21 M.J. 1016 (A.C.M.R. 1986) *with United States v. Glazier,* 24 M.J. 550 (A.C.M.R.1987).

Manual for Courts-Martial are intended to permit the introduction of much of the same information that is admissible in federal civilian courts [6] and we believe that the stipulation involved here would be embraced within the broad scope of materials permitted in presentence reports employed in such cases. *See, e.g., United States v. Bradley,* 812 F.2d 774, 781 (2d Cir.1987); *United States v. Sosa,* 789 F.2d 1257 (7th Cir.1986); *United States v. Graves,* 785 F.2d 870, 872 (10th Cir.1986).

■ We hold, therefore, that a trial judge may, in his discretion allow both parties to present evidence that explains a previous conviction.[7] His discretion must be governed by the realization that the prior conviction is not to be relitigated. The purpose of the evidence is not to permit a collateral attack on the prior conviction; rather, it is to provide broader understanding of its attendant circumstances to the sentencing authority. It is equally important for the trial judge to exercise his discretion in such a manner as to curtail incursions into matters that are wholly foreign to the sentencing proceedings.

In this case, the military judge was within his discretion in admitting the stipulation of fact from appellant's prior special court-martial record of trial. The stipulation contains facts that are directly related to the prior conviction which had been properly established by the promulgating order. The stipulation assisted the sentencing authority in its understanding of the prior conviction and in the determination of an appropriate sentence for the instant offenses.

The findings of guilty and the sentence are affirmed.

Judge SMITH and Judge ROBBLEE concur.

---

6. While military and civilian sentencing proceedings are quite distinct mechanically, both strive for an informed determination of an appropriate sentence, based on a consideration of a variety of factors. *Compare* Fed.R.Crim.P. 32(a)(1) and (c) *with* R.C.M. 1001. *See United States v. Holt,* 22 M.J. 553, 556 (A.C.M.R.1986); *United States v. Green,* 21 M.J. 633, 635 (A.C.M.R.1985), *petition denied,* 22 M.J. 349 (C.M.A. 1986); *United States v. Harrod,* 20 M.J. 777, 779–80 (A.C.M.R.1985); M.C.M., Analysis of R.C.M. 1001, App. 21, A21–61.

7. The adversarial nature of military sentencing proceedings permits a convicted soldier far more involvement than his civilian counterpart at this important phase of the trial.