UNITED STATES, Appellee,

v.

Sergeant Tony J. CHARLEY, Jr., 416–66–9721, United States Army, Appellant.

ACMR 8801178.

U.S. Army Court of Military Review.

29 June 1989.

---

For Appellant: Captain Alan M. Boyd, JAGC (argued); Lieutenant Colonel Russell S. Estey, JAGC (on brief).

For Appellee: Captain George R. Johnson, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before HOLDAWAY, CARMICHAEL, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

The two assigned errors in this case pertain to the receipt of evidence during the sentencing proceedings over defense objection. The appellant is a noncommissioned officer with twenty years' service. He entered provident pleas of guilty to three specifications of making and uttering worthless checks in violation of Article 123a, Uniform Code of Military Justice, 10 U.S.C. § 923a (1982) [hereinafter UCMJ]. Before an officer-enlisted sentencing forum, the trial counsel concentrated on documentary evidence in forcefully and successfully arguing for the appellant's discharge from the Army. Among these documents were a summary court-martial

(SCM) "record of trial" and the performance microfiche from the appellant's Official Military Personnel File (OMPF). Timely defense objections to both documents on grounds of relevancy were overruled by the military judge. We find that the judge erred in admitting the SCM "record," that the error was prejudicial, and that because a substantial portion of the so-called record had a magnified potential for sentence enhancement, especially in light of the trial counsel's exploitive argument before a member sentencing forum, a sentencing rehearing is required.

Our finding moots whether the military judge erred by admitting into evidence the appellant's OMPF microfiche without first ruling upon defense objections to documents on the fiche. Although moot, we believe the answer self-evident.

The SCM record objected to was not simply a Department of Defense (DD) Form 2329, that is, the form which normally comprises a complete SCM record, but had been significantly expanded by attachments. See Manual for Courts–Martial, United States, 1984, app. 15 at A15–1 [hereinafter MCM, 1984]. These included the appellant's post-trial request to the convening authority for clemency, a Criminal Investigation Command (CID) Report of Investigation, sworn admissions from the appellant as well as sworn statements unfavorable to him from other parties, and a letter of reprimand. The SCM conviction was for wrongful appropriation while the letter of reprimand was for an unrelated offense (uttering a bad check). Trial defense counsel did not challenge the DD form itself but objected to the attachments on the grounds of relevancy. The trial counsel countered that the members should be permitted to examine the complete record of trial for the purpose of determining the appellant's rehabilitative potential. Overruling the objection, the military judge admitted the "record" in its entirety. Although he did not state the basis for his ruling, he did say that he understood there was a case entitling the government to place the entire record into evidence.

Later, during his sentencing argument, the trial counsel keyed on the documents attached to the SCM record in branding the appellant as a liar who deserved enhanced punishment. Referring to the record, he invited the members to look through the documents in determining "just what sort of soldier sits before you asking for your mercy." He proceeded to quote from the appellant's post-trial clemency request and the letter of reprimand and reemphasized that the members should "[t]ake a look at this record of trial. Look through it at your leisure. It tells a lot about the accused. It tells you a lot about what he's deserving from this court."

The DD Form 2329, which normally comprises the SCM record of trial, is not a verbatim or summarized transcript of the trial proceedings. Unlike the records of other kinds of courts-martial, a SCM record is not intended to reflect all that occurred during the course of the trial. Aside from procedural information, it seldom reflects more than the pleas, the findings, and, in the event of a conviction, the sentence. MCM, 1984, Rule for Courts–Martial 1305(b) [hereinafter R.C.M.]. In appearance and format the record more closely resembles a nonjudicial punishment form than a record of trial. With the possible exception of the post-trial matters submitted to the convening authority, see MCM, 1984, R.C.M. 1305(a) discussion [hereinafter RCM discussion], the challenged documents in this case were not part of the SCM record. Thus, the military judge erred in allowing the trial counsel to "bootstrap" them into evidence en masse. In the face of the defense's objection, the admissibility of each document should have been ruled upon. Moreover, even if the documents had been part of the record, that in itself would not have prevented error. Records of trial do not have preferred evidentiary status after a finding of guilty is entered; if the government is to use them, or portions thereof, for a purpose other than to show a prior conviction, an independent showing of their relevancy is necessary as a requisite to admissibility.

■ Because the sentence proceedings of a court-martial are adversarial, the Military Rules of Evidence remain in effect. They may be relaxed for the defense but, with the exception of rebuttal, not for the government. *See* R.C.M. 1001(c)(3) (matters in extenuation or mitigation). Without a showing of logical relevancy for sentencing purposes, evidence offered by the government at this stage should not be admitted. *See* MCM, 1984, Mil.R.Evid. 401 (definition of relevant evidence); Mil.R. Evid. 402 (relevant evidence generally admissible); R.C.M. 1001(b)(1) through (5) (presentencing matters to be presented by the prosecution). Generally, evidence of bad character or uncharged misconduct is inadmissible unless relevant to show aggravation. Evidence in aggravation directly relates to or results "from the offenses of which the accused has been found guilty." R.C.M. 1001(b)(4); *see United States v. Wingart*, 27 M.J. 128, 136 (C.M.A.1988) (uncharged misconduct inadmissible unless aggravating within the purview of R.C.M. 1001(b)(4)). Such evidence, although relevant, still may be excluded if its probative value is substantially outweighed by other considerations. Mil.R.Evid. 403; *see United States v. Glazier*, 24 M.J. 550, 552–53 (A.C.M.R.1987) (application of Mil.R.Evid. 403 balancing test), *aff'd on other grounds*, 26 M.J. 268 (C.M.A.1988).

■ In the instant case, the receipt into evidence of DD Form 2329 (Record of Trial by Summary Court–Martial), as distinguished from the documents attached to the form, was not error. Although the form was not admissible on the ground advanced by trial counsel (that is, to show the appellant's lack of rehabilitative potential), it clearly was admissible as evidence of a prior conviction. R.C.M. 1001(b)(3). Such convictions may be proved by any evidence admissible under the rules of evidence. Generally, records of court-martial *convictions* constitute admissible evidence. *See* Mil.R.Evid. 803(8) (record of conviction exception to the hearsay rule). The relevance to a sentencing body of a prior conviction, as opposed to a record of proceedings which resulted in the conviction, requires no elaboration. The government's introduction of verbatim or summarized trial records, in their entirety, to prove convictions is not a routine procedure and as a general rule should not be permitted. Convictions may be proved by an order promulgating the trial result or by DD Form 493 (Extract of Military Records of Previous Convictions). Or, apropos of this case, a SCM conviction may be proved by an unsullied DD Form 2329.

■ Contrary to the argument advanced by appellate government counsel and the recollection of the trial judge, decisional case law does not favor government attempts to place into evidence *entire* records of trial during sentence proceedings—not as personnel records, not as records of convictions, and not as evidence in aggravation or opinion evidence as to rehabilitative potential. Appellate government counsel cite *United States v. Wright*, 20 M.J. 518 (A.C.M.R.), *petition denied*, 21 M.J. 309 (C.M.A.1985), and *United States v. Nellum*, 24 M.J. 693 (A.C.M.R.1987), in support of their position. Neither case, however, is so malleable as to be shaped to the facts now before us. In *Wright*, this court relied on Mil.R.Evid. 803(8) in holding that a general court-martial record of trial was admissible as evidence of a prior conviction. But Senior Judge Yawn, the author of the *Wright* opinion, wrote that because a record of trial was admissible to show a conviction did not mean that the entire record was open for consideration. "The test for relevancy still must be met and only relevant portions of the record may be considered by the court." *Wright*, 20 M.J. at 519 (citation omitted). There, the military judge had found portions of the general court-martial (verbatim) trial record to be relevant as evidence in aggravation and this court agreed. A similar procedure was not followed by the military judge in the instant case.

In *Nellum*, this court found that the military judge did not err by admitting into evidence a stipulation of fact taken from a special court-martial record of trial. The accused's prior conviction had already been established by a special court-martial order and, under the circumstances, the court in

*Nellum* reasoned that the stipulation was "logically relevant and meaningful to a complete understanding [by the sentencing body] of the [prior] offenses." 24 M.J. at 695. The court was careful to note that while it believed the defense's objection to the relevancy of the stipulation was properly overruled, it was not establishing a bright line rule that stipulations of fact from previous trials were either relevant or admissible for sentencing. *Id.* at n. 2.

*Wright* and *Nellum* bear no resemblance to this case. The military judges in *Wright* and *Nellum* focused on portions of records of previous trials and found them to be relevant and admissible. The military judge here permitted the trial counsel to bootstrap documents into evidence after erroneously determining that they were part of the record of trial and, hence, admissible because the entire record was admissible. Despite the defense counsel's objection, the attached documents were not individually considered. Consequently, contrary to the prohibition in Mil.R.Evid. 803(8)(B), a CID Report of Investigation was admitted. This report was instrumental in the appellant's trial and conviction by summary court-martial for wrongful appropriation. Further, the report's contents supported the investigators' belief that the appellant had committed the greater offense of larceny. The report was not admissible nor were the investigative exhibits attached to it. *See* Mil.R.Evid. 803(8)(B) (public reports admissible as exception to hearsay, "*excluding* ... matters observed by police officers and other personnel acting in a law enforcement capacity") (emphasis added); *cf. United States v. Williams,* 26 M.J. 644, 648 (A.C.M.R.) (conclusion of CID report that accused committed offense not admissible evidence), *remanded on other grounds,* 27 M.J. 401 (C.M.A.1988) (summary disposition).

The letter of reprimand, received by the appellant for writing a bad check, was to be removed from his local personnel file after one year unless he committed another bad check offense. Since the appellant was convicted by summary court-martial for wrongful appropriation before the year elapsed, arguably the letter of reprimand

should have remained in his local file. Whether it did or not we cannot determine from the record of this case. Instead of being offered separately by the trial counsel as a personnel record reflecting the appellant's past military conduct, the letter too was improperly bootstrapped into evidence as part of a trial record which, in fact, it was not part of. Hence, we do not reach the issue of its admissibility under R.C.M. 1001(b)(2) (personal data and character of prior service) and the pertinent provisions of Army Regulation 27–10, Legal Services: Military Justice (1 July 1984). Suffice it to say that we will not presume the relevancy or admissibility of evidence when the record fails to establish a proper basis for either. The letter was erroneously admitted.

It would appear that the post-trial matters submitted to the convening authority by the appellant after his summary court-martial conviction were part of the SCM record of trial. *See* R.C.M. 1305(a) discussion and R.C.M. 1306(a) (post-trial written matter submitted to the convening authority should be appended to the SCM record of trial). As we indicated earlier, that in itself did not relieve the government of its burden to show that these post-trial submissions were independently admissible and should be considered by the members during their sentencing deliberations. It was error to admit these statements as showing a lack of rehabilitative potential (trial counsel's theory), or simply because they were part of the SCM record of trial (military judge's ruling).

In drafting R.C.M. 1001 (presentencing procedure), the intent was to allow the sentencing body of a court-martial access to information similar to that contained in a civilian Federal presentence report. This information would be received "within the protections of an adversarial proceeding, to which rules of evidence apply" (citation omitted). *See* MCM, 1984, R.C.M. 1001 analysis, app. 21, at A21–63; *United States v. Harrod,* 20 M.J. 777, 779–80 (A.C.M.R. 1985) (clear that President intended through R.C.M. 1001 to expand types of information that could be presented to

court-martial during sentencing proceedings); *see* UCMJ art. 36, 10 U.S.C. § 836 (sets forth Presidential authority to prescribe rules for court-martial procedures).

Although R.C.M. 1001 may have been intended to expand the information presented to a court-martial sentencing body, the military sentencing procedures will nevertheless remain significantly more restrictive than those in Federal civilian criminal courts because of member sentencing. It is difficult to gauge the impact on members in their sentencing deliberations of erroneously admitted evidence portraying the accused as a "bad man." In theory, we have no quarrel with the view that military judges, as sentencing authorities, are entitled to know everything about an accused, both good and bad. *See United States v. Kinman*, 25 M.J. 99, 104 (C.M.A.1987) (Judge Cox's dissent). In practice, however, we believe the military justice system properly places judges and members on an equal footing with regard to the sentencing information available to them. Disparity in sentencing information, based solely on whether judges or members impose a sentence, would raise military due process issues and contribute to disparate sentences in similar cases.

In *Wingart*, the United States Court of Military Appeals refers to the protracted sentencing proceedings that would result from relaxing the "rules of admissibility," "especially ... when sentencing is by court members instead of by the judge—an occasion which does not arise in Federal district courts." 27 M.J. at 136. Further, *Wingart* discusses the restrictive, not the expansive, nature of R.C.M. 1001 and the limitations it imposes on the admissibility of evidence during sentencing proceedings. 27 M.J. at 133–36. Inferentially, the adversarial nature of the sentencing process and the inflexibility of the rules limiting accurate sentencing information, even though they frequently "impair" the process to the accused's benefit, represent the systemic costs of having court members determine sentences.

In the instant case, the documentary evidence presented by the government as part of the SCM record of trial was erroneously admitted into evidence. The error materially prejudiced the appellant's right to be fairly sentenced. *See* UCMJ art. 59(a), 10 U.S.C. § 859(a). The prejudice was compounded because the appellant was being sentenced by court members and the trial counsel exploited the erroneously admitted evidence in his sentencing argument. *See United States v. Boles*, 11 M.J. 195, 200 (C.M.A.1981) (trial counsel made erroneously admitted evidence "cornerstone" of his sentencing argument before members).

Applying the principles of *United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986), we are unable to determine reliably that the members would have imposed a sentence of at least a certain magnitude. Thus, a sentence rehearing is required.

We have considered the issues personally raised by the appellant which do not relate to his sentence; they are without merit.

The findings of guilty are affirmed. The sentence is set aside. A sentence rehearing may be ordered by the same or a different convening authority.

Chief Judge HOLDAWAY and Judge GIUNTINI concur.