UNITED STATES

v.

Airman William S. FRAZIER, FR 408–37–0842, United States Air Force.

ACM 28468 (f rev).

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Jan. 1990.

Decided 7 Jan. 1991.

**652**

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Ronald G. Morgan.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr.; Captain Morris D. Davis and Captain David G. Nix.

Before LEONARD, RIVES and McLAUTHLIN, Appellate Military Judges.

## OPINION OF THE COURT UPON FURTHER REVIEW

LEONARD, Senior Judge:

Airman Frazier pleaded guilty to and was convicted of conspiracy to commit larceny, two larcenies, and willful destruction of military property. On appeal, he asserts that the military judge erroneously admitted into evidence stipulations of fact his accomplices entered into at their earlier trials. We agree.

Appellant was involved with four other airmen in the theft of three video cassette recorders (VCR) and three hand held radios from the receiving section of the supply squadron. He and two of the airmen conspired to steal and subsequently stole the VCRs. The stolen VCRs were kept by the other airmen and a mutual friend. Appellant and two other airmen stole the hand held radios, disassembled them and threw the parts away. After he became a suspect, appellant confessed to the thefts and provided investigators with the names of his accomplices.

All five airmen had court-martial charges preferred against them. The other four airmen were tried before appellant. They all stipulated to the facts of their offenses and entered guilty pleas.

After appellant pleaded guilty, the government offered a stipulation of fact signed by appellant and his counsel. The military judge conducted an inquiry to determine the appellant's consent and understanding of the stipulation and admitted it into evidence. *See* R.C.M. 811(c) and Discussion. At this point, the trial counsel offered into evidence the four stipulations of fact that the other airmen had entered into at their courts-martial. Trial defense counsel objected and the military judge refused to admit the stipulations. In ruling, he stated that it was not the appropriate point in the trial for their introduction.

After the military judge completed the providency inquiry and entered findings of guilt, the government again moved for admission of the other airmen's stipulations. The government's theory of admissibility was that the stipulations furnished evidence of the facts and circumstances and aggravation of appellant's offenses. R.C.M. 1001(b)(4). Trial counsel conceded the stipulations were hearsay, but maintained that they qualified for admission under the public records hearsay exception of Mil.R.Evid. 803(8).

Trial defense counsel objected to admission of the stipulations, asserting that Mil.R.Evid. 803(8) only provided for introduction of records of convictions and not entire records of trial. He maintained the stipulations were inadmissible hearsay and the only appropriate way to introduce the evidence was to bring the other airmen to testify and subject them to cross-examination. He also pointed out that all four of the airmen were present on base and available to be called as witnesses.

The military judge held that the stipulations qualified for admission as a public record under Mil.R.Evid. 803(8). He then

found that the stipulations were relevant, applied a balancing test under Mil.R.Evid. 403, and admitted all four.

We find the military judge's ruling to be in error. He incorrectly applied the public records hearsay exception, did not consider the limited basis of admissibility of stipulations of fact, and disregarded appellant's confrontation rights under the Sixth Amendment to the Constitution.

■ The government contends that the last sentence of Mil.R.Evid. 803(8) provides for the admission of entire records of trial to show a record of a court-martial conviction. They also contend that this provision is part of a "firmly rooted" hearsay exception. We disagree with both assertions.

The provision that permits the admissibility of "records of court-martial convictions" is contained in the last sentence of Mil.R.Evid. 803(8). After examining the wording of the sentence and the drafters' analysis, we do not believe it was intended that "records of court-martial convictions" would be proven by introduction of the entire record of trial. The sentence provides:

> [T]he following are admissible under this paragraph as a *record of a fact or event* if made by a person within the scope of the person's official duties and those duties included a duty to know or to ascertain through appropriate and trustworthy channels of information the *truth of the fact or event and to record such fact or event:* . . .

Mil.R.Evid. 803(8) (emphasis added).

The drafters' analysis of this provision indicates that it was added to allow admissibility of "records . . . made pursuant to a duty required by law . . . notwithstanding the fact that they may have been made as matters observed by police officers and other personnel acting in a law enforcement capacity." The drafters also stated the admissible records are the type "which are truly administrative in nature." MCM, App. 22, Rule 803(8) (1984). It is evident that the type of "record of court-martial conviction" the drafters contemplated was a court-martial order or a similar document reporting the result of the court-martial.

Therefore, we conclude that they did not intend an entire record of trial would be admitted to prove a conviction without any consideration of the accused's right to confrontation, relevancy, reliability, or specific nature of the individual items that may be contained in or attached to the record. *United States v. Kilbourne,* 31 M.J. 731 (A.F.C.M.R.1990); *see also United States v. Charley,* 28 M.J. 903, 906 (A.C.M.R. 1989); *United States v. Nellum,* 24 M.J. 693 (A.C.M.R.1987); *United States v. Wright,* 20 M.J. 518, 519 (A.C.M.R.1985), *petition denied,* 21 M.J. 309 (C.M.A.1985).

■ Regardless of the hearsay exception involved, when an accused maintains that the admission of certain evidence would violate his rights to confrontation under the Sixth Amendment, the government must show that the declarant is unavailable and that the evidence bears adequate indicia of reliability. *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Reliability may be inferred when the offered evidence qualifies for admission under a "firmly rooted" hearsay exception. 448 U.S. at 66, 100 S.Ct. at 2539; *United States v. Hines,* 23 M.J. 125, 129 (C.M.A.1986). Recent modifications of common law rules are not "firmly rooted." *United States v. Groves,* 23 M.J. 374 (C.M. A.1987).

■ The last sentence of Mil.R.Evid. 803(8) was an addition to the public records exception by the drafters of the Military Rules of Evidence. The provision did not exist in Fed.R.Evid. 803(8) and it was not consistent with prior federal and military judicial authority. MCM, App. 22, Rule 803(8) (1984); S. Saltzburg, L. Schinasi, & D. Schlueter, *Military Rules of Evidence Manual* 648 (2d ed. 1986). Since the provision was an extension of existing law and is not contained in Fed.R.Evid. 803(8), it can not be considered "firmly rooted." *United States v. Broadnax,* 23 M.J. 389 (C.M.A.1987). The drafters' analysis recognized that the last sentence of Mil.R. Evid. 803(8) would not be entitled to a presumption of trustworthiness:

Admissibility depends upon whether the record is "a record of a fact or event if made by a person within the scope of his official duties and those duties included a duty to know or ascertain through appropriate and trustworthy channels of information the truth of the fact or event ..." Whether any given record was obtained in such a trustworthy fashion is a question for the military judge.

MCM, App. 22, Rule 803(8) (1984).

■ Stipulations of fact from other courts-martial involving other parties do not have enough indicia of reliability or trustworthiness to make them admissible over an assertion of the right to confrontation. They are arrived at in negotiations between the parties, are specifically tailored to the case at hand, and may contain evidence that would otherwise be inadmissible. *United States v. Glazier*, 26 M.J. 268, 270 (C.M.A.1988); *United States v. DeYoung*, 27 M.J. 595, 599 (A.C.M.R.1988). Because of the manner in which they are created, such stipulations may be of questionable reliability and trustworthiness outside the context of the court-martial in which they were admitted into evidence.

■ Stipulations of fact also have a very limited basis for admissibility in the court-martial in which they originally were introduced. They are only admissible in evidence because the parties signing the stipulation agree that the facts stated are true and the stipulation of the facts is admissible. R.C.M. 811(a) and (c). "Unless properly withdrawn or ordered stricken from the record, a stipulation of fact that has been accepted is *binding on the court-martial* and may not be *contradicted by the parties thereto*." R.C.M. 811(e) (emphasis added). When stipulations of fact are introduced in joint or common trials, a stipulation entered into by one of the accused does not apply to the accused who do not join in the stipulation. R.C.M. 812, Discussion; *see also* Mil.R.Evid. 306; MCM, paragraph 54f(3) (1969 Rev.). A stipulation of fact from a prior trial of the same accused may be introduced in that accused's second trial to show the circumstances of the prior conviction because the

parties who entered into it are the same parties present in the second court-martial. *United States v. Nellum*, 24 M.J. 693 (A.C. M.R.1987).

■ We hold that stipulations of fact from other courts-martial with other parties may not be introduced into evidence over the objection of an accused who was not a party to the stipulation. R.C.M. 811(e); R.C.M. 812, Discussion; *cf. Nellum*, 24 M.J. at 696. Such stipulations are hearsay, do not possess sufficient indicia of reliability to overcome an appellant's Sixth Amendment right to confrontation, and are binding only on the parties who entered into them. *Roberts*, 448 U.S. at 65, 100 S.Ct. at 2538; *United States v. Hines*, 23 M.J. 125, 129 (C.M.A.1986); R.C.M. 811; R.C.M. 812. Accordingly, the military judge's admission of the four stipulations of fact from the prior courts-martial of appellant's accomplices was error.

■ Having found the military judge's ruling to be error, we must now determine if the error substantially prejudiced appellant. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

The stipulations of appellant's accomplices were generally self serving admissions that depicted the appellant as the ringleader and originator of the conspiracies, both the thefts and the willful destruction of the military property. Appellant's own stipulation and his providency inquiry admissions did not show him in such a negative light. After admission of the stipulations, the trial defense counsel called two of the accomplices to testify in an attempt to defuse the prejudicial nature of the stipulations. He was only partially successful in this endeavor. Further, it was obvious from the military judge's ruling admitting the stipulations that he considered the stipulations as valid evidence in aggravation of appellant's offenses. Under these circumstances, we find that appellant was substantially prejudiced by the military judge's erroneous admission of the stipulations of fact.

Having found prejudicial error, we will reassess his sentence. We are confident

we can accurately determine the sentence that would have been adjudged absent the prejudicial error. *United States v. Peoples*, 29 M.J. 426 (C.M.A.1990). Considering only the evidence that was properly before the military judge at trial, we reassess appellant's sentence and approve only a sentence of a bad conduct discharge, total forfeitures, confinement for 6 months, and reduction to airman basic. We further find this reassessed sentence to be appropriate. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The findings of guilty and the reassessed sentence are correct in law and fact and, upon the basis of the entire record, are

AFFIRMED.

Judges RIVES and McLAUTHLIN concur.