## UNITED STATES

v.

**Patrick E. BROGAN, 079 40 7403, Hospital Corpsman First Class (E–6), U.S. Navy.**

**NMCM 90 1921.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 12 April 1990.

Decided 19 June 1991.

---

Capt Michael K. Schaller, USMC, Appellate Defense Counsel.

Lt Robert E. Wallace, JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before ALBERTSON, LANDEN and LAWRENCE, JJ.

LAWRENCE, Judge:

Appellant pled guilty at a special court-martial, military judge sitting alone, to sodomy and indecent assault, in violation of Articles 125 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 925 and 934, respectively. He was sentenced to reduction to pay grade E-1 and a bad-conduct discharge. The sentence, unaffected by the pretrial agreement, was approved by the convening authority without modification.

 This Court specified the following issues to be briefed by the parties:

1. WHETHER THE MILITARY JUDGE ERRED TO APPELLANT'S

SUBSTANTIAL PREJUDICE BY PERMITTING THE GOVERNMENT TO CALL AS A WITNESS THE CIVILIAN ARRESTING POLICE OFFICER TO EXPLAIN THE FACTS AND CIRCUMSTANCES SURROUNDING APPELLANT'S MISDEMEANOR CONVICTION PROOF OF WHICH HAD ALREADY BEEN ADMITTED IN THE FORM OF COURT DOCUMENTS?

2. IF IT WAS ERROR TO ADMIT SUCH TESTIMONY, WHAT IS THE APPROPRIATE REMEDY THAT SHOULD RESULT FROM THIS COURT?

We find that admission of the police officer's testimony was prejudicial error and set aside the sentence.

After findings were entered, the trial counsel offered and the military judge admitted without defense objection Prosecution Exhibit 4, consisting of a number of pages, that shows that in April 1986 appellant was convicted in a State of California court of a violation of California Penal Code § 415(3). The maximum sentence included confinement for 90 days and a $400 fine. Appellant was required to pay $180 in fines and perform 80 hours of community service and was placed on informal probation for 3 years. Prosecution Exhibit 4 contains no details of the offense; however, the document indicates that as part of the agreement to plead guilty or *nolo contendere* the district attorney agreed to dismiss a violation of Penal Code § 647(b). In order to aid the court in understanding the elements of the offense of which appellant was convicted, Appellate Exhibit III was appended to the record that showed that § 415(3) prohibited "offensive words in a public place which are inherently likely to provoke an immediate violent reaction." This offense reads very much like a violation of Article 117, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 917, prohibiting provoking speech or gestures, conviction of which does not permit award of a

bad-conduct discharge but does carry a maximum punishment of confinement for 6 months and forfeiture of two-thirds pay per month for a like period. Ordinarily such an offense is disposed of at a minor disciplinary forum such as nonjudicial punishment pursuant to Article 15, UCMJ, a fact undoubtedly not lost on the trial counsel. Nothing was placed before the military judge to explain the offense that was dismissed, but we judicially note that Penal Code § 647(b) prohibits solicitation to engage in an act of prostitution.[1]

After these documents were admitted, the trial counsel called to testify in his case-in-chief on sentencing a Patrolman Gabel, the "arresting officer and victim of the incident to provide the court with a further explanation of what went on." The defense counsel objected to the testimony as being cumulative, an improper method of proving a conviction, and unduly prejudicial. The trial counsel responded that the testimony would explain the offense and that it was admissible to show rehabilitative potential. The military judge overruled the objection. Patrolman Gabel testified that in February 1986, while employed as a security guard, he followed a suspected shoplifter into a men's room at J.C. Penney's. While looking in a stall for stolen clothing items, he heard a tapping sound from below the next stall. A few seconds later, a hand reached out from underneath the divider and grabbed his leg followed by a request that the officer put his penis "down here" so that the person in the other stall could commit an act of fellatio. Patrolman Gabel identified the speaker as appellant. The defense counsel had no cross-examination.

In deciding whether it was error to admit the testimony of Patrolman Gabel, we begin with the provisions of Rule for Courts–Martial (R.C.M.) 1001, Manual for Courts–Martial (MCM), United States, 1984, itself. First, the testimony does not involve "aggravating circumstances directly relating

---

1. As will become clear from the following discussion of the facts of the prior offense, the application of this section of the penal code is problematic. We can only imagine the sort of questions these documents might have engendered from a court composed of members and the military judge's probable instruction not to speculate about that which the members do not know.

to or resulting from the offenses of which the accused has been found guilty." R.C.M. 1001(b)(4). Even a cursory reading of R.C.M. 1001 shows that this testimony was inadmissible as evidence of rehabilitative potential since such evidence is limited to "opinions concerning the accused's previous performance as a servicemember and potential for rehabilitation." R.C.M. 1001(b)(5). Only on cross-examination may inquiry be made into "relevant and specific instances of conduct." *Id.* We conclude that the only possible basis for admission is R.C.M. 1001(b)(3) that permits the introduction of "evidence of military or civilian convictions." Subsection (b)(3)(C) states that "[p]revious convictions may be proved by any evidence admissible under the Military Rules of Evidence." The Discussion indicates that such proof is ordinarily by personnel records, the record of the conviction, or the promulgating order.

In *United States v. Nellum,* 24 M.J. 693 (A.C.M.R.1987), the Court held that a stipulation of fact from the record of trial of a prior special court-martial resulting in conviction was properly admitted, noting that "[s]tipulations are only admitted into evidence with the consent of the parties after the trial judge has determined the accused's consent thereto is informed and voluntary," *id.* at 695, in part because the Court found that the sentencing provisions of the MCM are intended to permit introduction of information that would be admitted in federal civilian courts, and the stipulation contained information that could be included in a federal civilian presentence report. The Court stated broadly that "[t]he facts and circumstances establishing the commission of prior offenses are proper for consideration by the sentencing authority." *Id.* (citing R.C.M. 1001(b)(4) and (c)(1)).[2]

In *United States v. Charley,* 28 M.J. 903 (A.C.M.R.1989), the Court found prejudicial error in the admission of a summary court-martial record during the sentencing portion of the court-martial. The Court began by pointing out that attached to the record

were documents that were not part of the record of proceedings of the court-martial. The Court emphasized that the Military Rules of Evidence remain in effect during the Government's case-in-chief in sentencing, and uncharged misconduct is inadmissible unless it falls within the purview of subsection (b)(4) as "directly relating to or resulting from the offenses of which the accused has been found guilty." Pointing out that it is the prior conviction itself rather than the record of proceedings that is relevant to the sentencing authority, the Court advanced a general rule that introduction of a verbatim or summarized record of trial in its entirety should not be permitted. The test of admissibility is whether the portion of the record of trial or other information is relevant and admissible under the Military Rules of Evidence. In *Charley,* attached to the record of summary court-martial was a CID report that indicated that the agent believed the accused guilty of an offense greater than that of which he was convicted as well as investigative exhibits. That evidence was inadmissible under Mil.R.Evid. 803(8)(B) and established decisional law. The Court also found that a letter of reprimand attached to the record that concerned the uttering of a bad check was erroneously admitted since the bad check offense was not related to the offense tried at the court-martial and no basis for its admission was established at trial.

The Court in *Charley* retreated from the broad language of *Nellum* that seemed to imply that all facts and circumstances surrounding a previous conviction were admissible, emphasizing instead the restrictions on the admissibility of evidence in military sentencing hearings. Citing *United States v. Wingart,* 27 M.J. 128 (C.M.A.1988), the Court pointed to the danger of protracted sentencing proceedings if the rules of admissibility were relaxed, especially in a trial before members. The Court further noted that military judges and members must be placed "on an equal footing with regard

---

2. Subsection (b)(4), however, concerns aggravation evidence relating to or resulting from the offenses of which an accused is convicted at the

trial of those offenses, and subsection (c)(1) relates to evidence presented by the defense.

to the sentencing information available to them." *Charley*, 28 M.J. at 908. Although conceding the general principle that the sentencing authority should have all relevant information about the accused, whether in his favor or not, the Court found that "the adversarial nature of the sentencing process and the inflexibility of the rules limiting accurate sentencing information ... represent the systemic costs of having court members determine sentences." *Id.* This logic is persuasive and accords with the observation in *United States v. Clevland*, 29 M.J. 361, 363 (C.M.A.1990), that "limitations imposed on admissible evidence in sentencing proceedings are greater than those that apply in Federal district courts."

In this case, apparently the testimony of Patrolman Gabel was not introduced as evidence in the prior trial. The court documents state: "I [appellant] understand I have violated this [penal] section by (factual basis) 'stipulated.' " No stipulation is a part of those documents, so it was not established that appellant ever stipulated to or even agreed with Patrolman Gabel's account of what happened in the men's room. Defense Exhibit E, a letter from a counselor to appellant's lawyer in the prior civilian trial, indicates that appellant denied soliciting the security guard but did admit that "his impulsive mouth and behavior has caused him serious problems again." It is possible that appellant's conviction was based on words or acts different from those to which Patrolman Gabel testified but still sufficient to establish the offense.

The incident about which Patrolman Gabel testified is uncharged misconduct unless it is proof of a prior conviction. Grabbing the leg of the patrolman under these circumstances was an assault consummated by a battery if not an indecent assault. Although solicitation to commit consensual oral copulation was not an offense in 1986 in California, *People v. Collins*, 21 Cal.3d 208, 145 Cal.Rptr. 686, 577 P.2d 1026 (1978), solicitation to commit sodomy is a violation of Article 134, UCMJ, which carries a maximum sentence including a dishonorable discharge and confinement for 5 years. Although the testimony of Patrolman Gabel was unnecessary to prove the offense of which appellant was actually convicted, since Prosecution Exhibit 3 and Appellate Exhibit III did that, it did tend to show appellant's commission of a sexual solicitation that was not adjudicated in the prior court proceeding but which constitutes a serious offense in the military justice system.

In deciding this issue, we cannot fail to note one of the more obvious aspects of the American criminal and military justice systems—most accused plead guilty, and most do so in return for a plea bargain. Commonly, evidence exists that tends to prove an accused guilty of an offense more serious than that to which he pleads guilty. A sentencing proceeding in a subsequent trial, often years later at a location distant from the situs of the earlier offense, is not the place to attempt to determine whether an accused was in fact guilty of a different or more serious offense than that to which he pled guilty. To permit such an attempt would lead generally to protracted sentencing hearings wherein the focus of the sentencing authority would be directed away from the conviction presently before the court to an earlier offense that may or may not have occurred. Thus, even if such testimony is relevant to explain the details of the conviction itself, in many cases it would be inadmissible because the relevance of those facts is substantially outweighed by the danger of unfair prejudice or confusion of the issues or by considerations of undue delay or waste of time. Mil.R.Evid. 403.

In addition, a defendant in a civilian court when faced with a charge that may not result in jail or imprisonment may elect not to contest a charge in order to expedite its resolution or to save the financial or emotional cost inherent in a contested trial. Although the defendant may dispute the government's version of what happened, he may choose to get the matter over with by pleading guilty, often to a substantially reduced charge offered by the prosecution that is too good to refuse. R.C.M. 1001 and, in our opinion, basic fairness are not offended by the admission of a conviction based on a defendant's guilty plea since he

presumably pleads guilty in recognition of the possible collateral effects of his conviction. The plea of guilty, however, admits only the elements of the offense. Under the United States Constitution, it is permissible for a defendant to deny his guilt and still plead guilty to the offense, *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), although such a plea is barred in military courts. Thus, because a plea of guilty does not necessarily admit the existence of any particular set of facts, we find the logic of *Nellum* to be especially inapplicable to this case.

■■■ For these reasons, we hold that evidence to explain the detailed facts underlying a prior conviction is inadmissible in the prosecution's case-in-chief during sentencing.[3] We do not suggest that only the fact of conviction may be introduced during the sentencing proceeding. Proof of pendency of appeal is admissible. R.C.M. 1001(b)(3)(B). The Discussion to R.C.M. 1001 indicates that information that is generally contained in a promulgating order is admissible. Thus, the type of court, a brief description of the offense as would be contained in a promulgating order, the sentence, and any action by reviewing or appellate authorities is admissible information. Certainly, if the accused pled to or was found guilty of a specification that lists aggravating circumstances, those circumstances as well are admissible subject to the balancing test inherent in Mil.R. Evid. 403. If the information is admissible,

it may be presented to the court in any manner permitted by the Military Rules of Evidence including the testimony of a witness who has personal knowledge of the matter about which he is to testify. *See* Mil.R.Evid. 602.

The testimony of Patrolman Gabel indicated that appellant was guilty of an assault consummated by a battery or even an indecent assault as well as a solicitation to commit sodomy, although the civilian conviction itself as evidenced by the elements of the offense would appear to any military sentencing authority to be a relatively minor offense. The patrolman's testimony related to an incident of homosexual solicitation, an offense of similar type and motivation to the offenses of which appellant was convicted in this case. If believed, it directly refuted appellant's unsworn statement to the effect that he possessed no homosexual inclinations and these latter offenses were part of an isolated incident that is unlikely to be repeated. In short, its effect on the decision whether to award a punitive discharge was undoubtedly dramatic.[4] We recognize the reasonableness of admitting before the sentencing authority all evidence that is relevant to deciding an appropriate, individualized sentence; however, the provisions of R.C.M. 1001 do not permit admission of all such evidence.[5]

Appellant came to trial in this case as a first class petty officer with over 16 years of honorable service in the Navy. The

---

3. We find no error in admitting the elements of the civilian offense since they were necessary to an understanding of the nature and severity of the offense. In trial before members, the elements may generally be admitted along with proof of a civilian conviction since otherwise the members may be left to speculate about the nature and severity of the prior offense in deciding its significance in their sentencing decision. The question is not before us whether the military judge has discretion to admit a *portion* of the record of proceedings of a prior court-martial or trial resulting in a conviction if that portion is relevant and admissible under R.C.M. 1001 and its admission is permitted under the Military Rules of Evidence, especially Mil.R. Evid. 403.

4. Appellant of course could have requested a lengthy continuance to prepare his defense of

these approximately 4–year old allegations. That preparation might have included a complete investigation to discover Patrolman Gabel's professional history as well as witnesses to give opinion or reputation evidence as to his truthfulness, the location of any potential witnesses to the incident, and any other evidence favorable to the defense. Putting aside the fundamental unfairness of requiring appellant to defend against allegations from this old incident, we conclude that offering appellant time in and out of court to meet these charges would result in exactly the undue delay and waste of time that Mil.R.Evid. 403 is intended to prevent.

5. Pursuant to Article 36, UCMJ, 10 U.S.C. § 836, the President has authority to promulgate sentencing rules in the MCM; thus, he holds the key to a more informative sentencing hearing should he decide to use it.

testimony of the 19–year old male victim indicates that the offenses had no impact on him and that he felt no resentment towards appellant. Appellant in an unsworn statement said that he was engaged in counseling and was participating in a program known as Adult Children of Alcoholics due to his unhappy youth being raised by an alcoholic father. Even in light of the offenses of which appellant was convicted, and whether or not appellant should be permitted to remain on active duty, we cannot determine whether the severe punishment of a bad-conduct discharge would have been adjudged absent the erroneous admission of this evidence. *See United States v. Peoples*, 29 M.J. 426 (C.M.A.1990); *United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

Accordingly, the findings of guilty are affirmed. The sentence is set aside. A rehearing on sentence may be ordered by the same or a different convening authority.

Senior Judge ALBERTSON and Judge LANDEN concur.