EFFRON, Judge
(dissenting):
In the present case, trial counsel sought to introduce evidence of a prior conviction in support of the prosecution’s sentencing case. The military judge admitted the evidence, subject to the condition that the trial counsel *277 redact information that the military judge determined to be inadmissible as either irrelevant or potentially confusing. The trial counsel neglected to redact the information before submitting it to the members of the court-martial. Contrary to the ruling of the military judge, the unredacted information was considered during the sentencing deliberation by the members. The members adjudged a sentence that included a punitive discharge, confinement for one year, and total forfeitures.
I agree with Judge Baker and Senior Judge Sullivan to the extent they conclude that the document at issue was not admissible in this case either as a personnel record under RCM 1001(b)(2), Manual for Courts-Martial, United States (2000 ed.), or as a record of a prior conviction under RCM 1001(b)(3). Assuming that the records in question fell within the category of sentencing information potentially admissible under RCM 1001(b), the critical responsibility for determining whether the records were admissible in this case rested with the military judge. The military judge determined that the records were admissible only if redacted. The Court affirms appellant’s sentence on the ground that the failure to redact was harmless. I respectfully dissent in view of the unique aspects of sentencing by members in the military justice system, the critical role of the military judge in ensuring fairness during the adversarial sentencing process, and the adverse sentencing impact of the information the military judge ordered redacted in this case.
I. CONSIDERATION OF PRIOR CONVICTIONS AND PERSONNEL RECORDS DURING SENTENCING
In U.S. district courts, the sentence in noncapital criminal eases is imposed by the trial judge. The primary source of sentencing information is a report prepared by a probation officer rather than an adversarial evidentiary proceeding. See Fed.R.Crim.P. 32. Sentencing in courts-martial is quite different, relying on an adversarial process. See United States v. Cleveland, 29 MJ 361 (CMA 1990). The military judge plays a critical role in ruling on the admissibility of evidence. Unless the accused has elected a bench trial, the sentence is adjudicated by the members of the court-martial. See RCM 1001. As the Drafters’ Analysis accompanying RCM 1001 notes:
Sentencing procedures in Federal civilian courts can be followed in courts-martial only to a limited degree. Sentencing in courts-martial may be by the military judge or members. See Article 16 and 52(b), [Uniform Code of Military Justice (UCMJ), 10 USC §§ 816 and 852(b)]. The military does not have—and it is not feasible to create—an independent, judicially supervised probation service to prepare presentence reports. See Fed.R.Crim.P. 32(c).
Manual, supra at A21-69. In terms of the type of information that may be considered during sentencing, the Analysis states:
This rule allows the presentation of much of the same information to the court-martial as would be contained in a presentence report, but it does so within the protections of an adversarial proceeding, to which rules of evidence apply ..., although they may be relaxed for some purposes.
Id. (citation omitted).
A. HISTORICAL DEVELOPMENT
The current adversarial process reflects the historical evolution of restrictions on the types of evidence admissible during sentencing proceedings. Consideration of personnel records during sentencing is a relatively recent development in American military law. Until the late nineteenth century, courts-martial did not receive evidence of prior convictions, much less adverse administrative information, during the sentencing process. See William Winthrop, Military Law and Precedents 387 (2d ed.1920 reprint). Regulations adopted in 1886 authorized consideration of recent convictions during the member’s current enlistment for purposes of “inducing or increasing punishment.” Id.
Prior to enactment of the UCMJ in 1950, consideration of prior convictions during sentencing generally was limited to offenses committed within an enlisted member’s cur *278 rent period of service, or a previous period not terminated under honorable conditions, with the Army imposing a further limitation to convictions occurring within the previous year for enlisted members and within the previous three-year period for others. See paras. 306 and 307, Manual for Courts-Martial, U.S. Army, 1917 and 1921; para. 79c, Manual for Courts-Martial, U.S. Army, 1928 and 1949; paras. 436-41, Naval Courts and Boards, 1937. The Manual did not authorize provision of information for sentencing purposes from personnel records, except for records of conviction, until 1928. Even then, the evidence was restricted to the modest information provided on the first page of the charge sheet regarding “age, pay, and service,” as well as prior discharges and former nonjudicial punishment for the same act or omission. Para. 79a and App. 3, 1928 and 1949 Manual.
The 1951 Manual, which implemented the newly enacted UCMJ, imposed similar restrictions on sentencing information, including a three-year limitation on consideration of prior convictions. Para. 756 and App. 5, Manual for Courts-Martial, United States,-1951.
Following enactment of the Military Justice Act of 1968, the President issued a comprehensive revision entitled Manual for Courts-Martial, United States, 1969 (Rev. ed.). The 1969 Manual continued the authority for introduction of data from page one of the charge sheet and use of prior convictions, while increasing the time period for prior convictions from three to six years, removing the current enlistment limitation, and making it clear that convictions were not admissible until appellate review was completed. Para. 756, 1969 Manual.
Reflecting the establishment of the military judiciary by the Military Justice Act of 1968, the 1969 Manual added a new authority in paragraph 75d, entitled “Optional matter presented when court-martial constituted with military judge.” Subject to military departmental regulations, this provision authorized the trial counsel to present to the military judge “any personnel records of the accused,” a term defined to “include all those records made or maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused.” Id. The military judge was required to rule on any objections by the accused, and the accused was permitted to submit matter in rebuttal. In cases tried before members, the military judge was authorized to “admit for their consideration any information from these records which reflects the past conduct and performance of the accused.” Id. The Drafters’ Analysis noted that this “new paragraph ... broadens the information to be considered by the sentencing agency in a court-martial,” giving the military judge “broad discretion in determining relevance and in ruling on objections to items presented.” Dep’t. of the Army Pamphlet 27-2, Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition, at 13-6 (July 1970). The Analysis added that “[t]he procedure contemplated by this change is similar to that under Federal Rule of Criminal Procedure 32, dealing with presentencing reports, but it limits items which may be considered to items contained in official records and accordingly puts the accused on notice of what may be considered against him.” Id.
The next comprehensive revision of the Manual, issued in 1984, retained the basic provisions of the 1969 Manual’s presentencing procedure, while removing both the six-year limitation on prior convictions and the restriction against considering convictions that had not been subject to complete appellate review. See RCM 1001 and A21-61, Manual for Courts-Martial, United States, 1984. With minor changes, the current provisions are similar to the 1969 rules, as modified in 1984. See RCM 1001 and A21-69, Manual (2000 ed.). In the present Manual, RCM 1001(b)(1) directs the trial counsel to “inform the court-martial of the data on the charge sheet relating to the pay and service of the accused and the duration and nature of any pre-trial restraint.” RCM 1001(b)(2) provides:
Under regulations of the Secretary concerned, trial counsel may obtain and introduce from the personnel records of the accused evidence of the accused’s marital *279 status; number of dependents, if any; and character of prior service. Such evidence includes copies of reports reflecting the past military efficiency, conduct, performance, and history of the accused and evidence of any disciplinary actions including punishments under Article 15.
“Personnel records of the accused” includes any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused. If the accused objects to a particular document as inaccurate or incomplete in a specified respect, or as containing matter that is not admissible under the Military Rules of Evidence, the matter shall be determined by the military judge. Objections not asserted are waived.
With respect to prior convictions, RCM 1001(b)(3)(A) states:
The trial counsel may introduce evidence of military or civilian convictions of the accused. For purposes of this rule, there is a “conviction” in a court-martial ease when a sentence has been adjudged.
Prior convictions and information from personnel records also may be admissible as evidence of “any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty,” RCM 1001(b)(4), evidence concerning the accused’s rehabilitative potential, RCM 1001(b)(5), or evidence in rebuttal of sentencing information provided by the defense, RCM 1001(d). RCM 1001(b) also expressly authorizes defense objections to evidence of prior convictions and other service records on the grounds of inaccuracy, incompleteness, or inadmissibility under the Military Rules of Evidence.
B. ADMISSIBILITY OF PRIOR CONVICTIONS UNDER RCM 1001(b)(3)
According to the nonbinding Discussion accompanying RCM 1003(b)(3)(C), “[njormally, previous convictions may be proved by use of the personnel records of the accused, by the record of the conviction, or by the order promulgating the result of trial. See DD Form 493 (Extract of Military Records of Previous Convictions).” The current version of DD Form 493, which has been in effect since 1984, includes information regarding the type of court-martial, a synopsis of the specifications, and the sentence adjudged, as well as a “script” to be used for introducing the form in courts-martial.
There is a split among the lower courts as to the extent of information that may be introduced under RCM 1001(b)(3) as evidence of a prior conviction. The Army court has held that a stipulation of fact may be introduced to explain the circumstances of a prior conviction, United States v. Nellum, 24 MJ 693 (ACMR 1987), while the Navy-Marine Corps court has held that “evidence to explain the detailed facts underlying a prior conviction is inadmissible in the prosecution’s case-in-chief during sentencing.” United States v. Brogan, 33 MJ 588, 593 (NMCMR 1991), aff'd on other grounds, 40 MJ 270 (CMA 1994) (summary disposition).
C. INTRODUCTION OF INFORMATION CONCERNING A PRIOR CONVICTION AS A PERSONNEL RECORD UNDER RCM 1001(b)(2)
To be admissible under RCM 1001(b)(2), the record must be: (1) a “personnel record [] of the accused” or a summary or copy thereof; (2) within the category of records authorized by the Secretary concerned to be considered for sentencing purposes; (3) “made or maintained in accordance with departmental regulations”; and (4) reflective of “the past military efficiency, conduct, performance, and history of the accused.” In United States v. Ariail, 48 MJ 285, 287 (1998), we held that “[t]he fact that [the prosecution’s sentencing evidence] may not meet the criteria for admission under RCM 1001(b)(3) as a prior conviction ... does not prevent its admission under RCM 1001(b)(2) if relevant and reliable.” Our ruling permitted introduction of a civilian conviction listed by the accused on a security clearance form that was maintained as a personnel record in accordance with departmental regulations, the validity of which was not challenged by the defense. We cautioned, however, that
RCM 1001(b)(2) does not provide blanket authority to introduce all information that *280 happens to be maintained in the personnel records of an accused. Personnel records may contain entries of questionable accuracy, relevance, or completeness.
Id.; cf. United States v. Harris, 56 MJ 480 (2002) (noting the role of RCM 1001(b)(2) in regulating the admissibility of personnel records during sentencing); see also United States v. Vasquez, 54 MJ 303 (2001) (a personnel record containing an admission of guilt in an unrelated request for discharge in lieu of court-martial could not be considered during sentencing in light of the prohibition in Mil.R.Evid. 410 against use of plea discussions). The fact that a record might meet the criteria in RCM 1001(b)(2) as a personnel record of the accused does not relieve the military judge of the responsibility for determining whether it is otherwise admissible under the Military Rules of Evidence.
II. FACTUAL BACKGROUND
During the sentencing proceedings in the present case, trial counsel sought to introduce evidence of appellant’s prior conviction for unrelated offenses under RCM 1001(b)(3) (“Evidence of prior convictions of the accused”). Trial counsel did not offer a DD Form 493 or similar record of the convictions, but instead offered the promulgating order and a stipulation of fact from the prior court-martial.
Defense counsel opposed admission of the stipulation and moved to redact portions of the promulgating order, contending that the material at issue was irrelevant or, in the alternative, that it presented a danger of unfair prejudice substantially outweighing any probative value. See Mil.R.Evid. 402 and 403, Manual (2000 ed.).
The military judge, who granted the defense motion in part, concluded that portions of the promulgating order should be redacted as irrelevant. Specifically, the military judge concluded that the information regarding the sentence and the convening authority’s action should be redacted under the particular circumstances of this case, citing the potential for unnecessary speculation by the members as to reasons for the convening authority’s reduction of the sentence. See Mil.R.Evid. 403. Without defense objection, the remainder of the promulgating order was admitted as evidence of the prior conviction. With respect to the stipulation of fact, the military judge ruled that although it contained information “necessary to explain the facts and circumstances surrounding the offenses,” it could be admitted only after redacting material related to uncharged misconduct.
For reasons not explained in the record, trial counsel failed to redact the material as ordered by the military judge. The unredacted promulgating order and stipulation were both provided to the members for consideration during sentencing. The members sentenced appellant to a bad-conduct discharge, confinement for one year, and total forfeitures.
III. DISCUSSION
The lead opinion would affirm this case on the ground that the evidence, even if not admissible as a prior conviction under RCM 1001(b)(3), was admissible as a personnel record under RCM 100(b)(2), and that any error in the failure to redact was harmless. 57 MJ at 270-71. Assuming the evidence came from a properly maintained personnel record that was subject to introduction for sentencing under Secretarial regulations, that would answer only the question of whether the evidence could have been introduced if it was otherwise admissible. It would not answer the question that is at the heart of the case— whether the unredacted records should have been used as a basis for sentencing appellant. The latter question—whether the unredacted records should have been introduced—was a matter committed to the discretion of the military judge. As discussed in Part I, supra, the rulings of the military judge on sentencing evidence are particularly critical in view of the military justice system’s reliance on lay members to adjudicate the sentence in an adversarial setting. In this case, the military judge ruled that the items of evidence at issue should not be admitted without redactions because of the potential prejudicial effect on appellant. Neither the lead opinion nor the opinion of the lower *281 court demonstrates that the military judge abused his considerable discretion in reaching this conclusion.
Despite the ruling of the military judge, the potentially prejudicial information was introduced during the sentencing proceeding with no corrective action at the trial level. There were three distinct elements of appellant’s sentence—a punitive discharge, a year’s confinement, and total forfeitures. Neither the lead opinion nor the opinion of the lower court provides a substantial basis for concluding the uncharged misconduct was so insignificant that the failure to redact had no effect on any part of the sentence.
Appellant convinced the presiding judge at the trial of the potential for prejudice, and the judge attempted to protect his legitimate interests. We should ensure compliance with the order of the military judge, which was designed to ensure the basic fairness of the sentencing proceeding, by remanding this case for a rehearing on sentence. If the prosecution elected to offer the redacted records at such a rehearing, the military judge could make findings of fact and conclusions of law as to whether the redacted records fall within the category of records potentially admissible under RCM 1001(b)(2), whether the records should be admitted into evidence, and whether any further redactions should be made in such records.